SMITH, treasurer, *v.* HODGSON *et al.,* commissioners.

1. The writ of mandamus may be refused by the court, in the exercise of a sound discretion, where the granting of the writ would in effect decide questions of importance between persons not parties to the proceeding, upon whom its enforcement would entail hardships and difficulties.
2. A mandamus should not issue when this remedy would be ineffectual to change the status of the parties, or afford any material advantage to the applicant, respecting the thing demanded.

Argued June 18,—Decided November 14, 1907.

Petition for mandamus. Before Judge Brand. Clarke superior court. March 16, 1907.

*John J. Strickland,* for plaintiff.

*Erwin & Erwin,* for defendant.

EVANS, P. J. The treasurer of Clarke county applied for the writ of mandamus, to compel the board of commissioners of roads and revenues of that county to deliver to him $71,000, which was to their credit in the Georgia National Bank, or to deliver to him an order on the bank for the money. The case was tried by the judge on the pleadings, the material parts of which are as follows: In 1904, the commissioners of roads and revenues of Clarke county, by proper authority, issued $100,000 of bonds, for the purpose of permanently improving the roads of the county. The rate of interest was four per cent. per annum, payable semi-annually. The bonds were dated July 1, 1904, and issued in denominations of $500 each, and matured as follows: $1,500 annually for the first ten years; $4,000 annually for the next fifteen years, and $5,000 annually for the next five years. The commissioners, after advertising for bids, were not able to sell the bonds at par. They then entered into a contract of sale with the Georgia National Bank, whereby the bank agreed to take the entire issue at a premium of $2,500, upon terms that the proceeds of the sale were to be left on deposit with the bank, to be paid on demand as needed, in the improvement of the roads of the county. Pursuant to this contract the commissioners delivered to the bank the bonds, and the bank, through its president, signed the following certificate, which was duly entered on the commissioners' records: "1904. July 1st. Sale Road Bonds, $102,500.00. The above amount was placed to the credit of the commissioners of Clarke county as per agreement of Georgia National Bank and commissioners at regu-

lar meeting of the board, May 2, 1904. To be paid as agreed upon on terms of sale. [Signed] Ga. Nat. Bank of Athens, By J. J. Wilkins, President." The contract of sale has been in force for more than two and one half years, during which time the bank has paid over to the county authorities $31,000, which sum has been properly disbursed in the purchase of road machinery and in improving the roads. The commissioners have disbursed this sum through the treasurer of the county, and expect to continue so to do; but at the time the petition for mandamus was filed, no part of the proceeds of the bond sale was available under the contract. It was admitted that at the time of the contract of sale with the bank, one of the commissioners was a director of the bank, but the good faith and fairness of the contracting parties are not impugned.

The court refused to make the mandamus absolute, except that the respondents were ordered to deliver to the treasurer the evidence of indebtedness they hold against the Georgia National Bank, under the contract made by them with the bank, and that applicant hold and collect same and enforce the said contract according to its terms. In a written opinion the judge assigned as reasons for his refusal of the writ: that as the bank is not a party, the validity of the bond sale can not be inquired into, and the contract of sale must be treated, in passing on applicant's right to the writ of mandamus, as binding between the parties. The treasurer excepted to this order, and assigns error upon the refusal of the writ, and upon the legal propositions announced by the court as a basis of his judgment. We will not undertake to discuss specific assignments upon the reasoning of the court, except in the general discussion of applicant's right to compel by mandamus the county commissioners to deliver to him the unexpended money from the proceeds of the bond sale, or an order on the purchaser thereof.

The treasurer is the county's official banker, and all county funds are to be paid and disbursed by him, unless otherwise specially provided by law. It is his duty to collect from all officers and others all county dues. Pol. Code, §§ 458, 460. The proceeds of this particular bond issue are county funds, and as there is no statute specially directing its disbursement by any other official, it should be disbursed through the treasurer. The respondents rec-

ognize the right of the treasurer to the custody of the various installments of the proceeds of the bond issue as they severally become available according to the contract of sale. The authority of the treasurer to disburse the fund is not involved in this proceeding. The question is whether the court will compel the county commissioners, by mandamus, to give a peremptory order on the purchasers to pay to the treasurer the balance of the purchase-price of the bonds, when they have contracted with the purchaser as a part of the consideration of the sale that they will not draw on the fund except as the road work progresses. The writ of mandamus can only be employed to compel a due performance of official duty where there is no other specific legal remedy for legal rights. Civil Code, §4867. The granting or refusal of this writ must necessarily rest in the sound discretion of the court. *Kelly* v. *Hall,.* 50 *Ga.* 636. It will not lie to compel official action, unless the demandant shows a clear legal right to require the official to perform the act demanded. *Brunson* v. *Caskill,* 127 *Ga.* 501. The applicant demands of the commissioners that they violate the terms. of their contract with the bank, and upon their refusal appeals to the court to compel them so to do. The contract of sale was made in good faith, under a belief that it was legal and binding.. The purchaser has paid $31,000 of the money on the faith of it. Now, in a collateral way, the court is asked to declare, not that. the sale is illegal, but that the bank is bound to pay immediately, when it did not contract that way. The court is asked to enforce so much of the contract as is favorable to the county, and to repudiate so much as is unfavorable. This is the logical effect of the treasurer's demand for a peremptory order from the commissioners on the bank for the balance of the money. Where, by granting the writ, the court would in effect decide questions of importance between persons not parties to the proceeding, upon whom its enforcement would entail hardships and difficulties, the court in its discretion may refuse a mandamus. High on Extraord. Rem. §9; 19 Am. & Eng. Enc. Law (2d ed.), 754. If the contract is illegal, it may be so declared in an appropriate suit to which all persons interested are parties, and their respective.. rights and equities may be defined and adjudicated. Indeed, it is most probable that the bank would refuse to honor a draft by the commissioners for the immediate payment of the balance of

the purchase-price, and the treasurer would have to sue for the same. The writ if granted should be effectual as a remedy, and if the status would not be changed, a wise judicial discretion would justify its refusal. The court will refuse this extraordinary remedy when it would prove unavailing, and when no result will be accomplished, or the status changed by its issuance. 26 Cyc. 147.

We do not decide whether the contract of sale of the bonds is legal or illegal, but we do decide that the court did not abuse his discretion in refusing the writ of mandamus to compel the commissioners to pay over funds not in their custody, or to give an order for the payment of the purchase-money in contravention of the terms of sale.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*