# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1926

---

`CODY v. BOYKIN, solicitor-general.`

"Unless at the time a subpœna for a non-resident witness for the State in a criminal case is issued it is signed both by the clerk of the superior court and the solicitor-general of the circuit, it is void." Therefore the court did not err in dismissing the petition on general demurrer.

No. 5377. OCTOBER 13, 1926.

Petition for mandamus. Before Judge Howard. Fulton superior court. March 27, 1926.

*George G. Finch,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

GILBERT, J. L. D. Cody filed a petition for mandamus against John A. Boykin, solicitor-general of the Atlanta judicial circuit. The petition made the following case: Complainant does not reside in Fulton County, but is a resident of DeKalb County, such residence being located more than three miles from the Fulton County court-house. Complainant is a member of the Atlanta police force, and has no office at police headquarters, nor has he any usual place of business in Fulton County, but may be assigned to duty from place to place within the city. There is a duty imposed by law upon the solicitor-general to certify the attendance of non-resident witnesses after the case has been tried or disposed of for the term, and such non-resident witnesses are entitled to receive $2 per day during attendance, and their actual,

---

Witnesses, 40 Cyc. p. 2163, n. 90.

proved expenses not exceeding four cents per mile in going and returning. Notwithstanding this duty, he refuses and continues to refuse to certify the attendance of your petitioner in court. It was the duty of the respondent to certify such subpœnas at the time they were issued. Complainant has attended court in several cases on which he has been unable to collect fees allowed by law, on account of the refusal of the respondent to certify said subpœnas. The prayer is, for process, and that the respondent be required to show cause, if any he has, why he should not certify the said subpœnas nunc pro tunc as provided by law. Copies of the subpœnas are attached, which show that the complainant was commanded to appear as witness in criminal cases in the superior court of Fulton County. None of the subpœnas were signed by the solicitor-general. The respondent filed general and special demurrers to the petition. The court sustained the general demurrer and dismissed the petition. The complainant excepted.

The law with reference to requiring non-resident witnesses in criminal cases to appear, and providing for their compensation, is found in the Penal Code of 1910, § 1143: "No subpœna for a non-resident witness for the State shall be issued, unless signed by the clerk of the court and the solicitor-general of the circuit." § 1144: "A witness for the State attending in a different county from that of his residence shall receive two dollars per day during his attendance, and his actual traveling expenses, not to exceed four cents per mile in going and returning. If he is subpœnaed in more than one case, he shall receive per diem pay and mileage in one case only: Provided, that a witness whose residence or usual place of business is within three miles of the court-room attended by him shall be paid for attendance seventy-five cents per day, and no mileage." § 1145: "The claim shall be verified, by the witness, on the subpœna, and shall distinctly state the days of the month of the attendance, and the number of miles traveled; and the attendance and mileage shall be certified by the solicitor-general after the case has been tried or disposed of for the term. The amount due shall then be paid out of the county funds, and, in case of conviction, shall be taxed in the bill of costs." It is clear from the language of section 1143 that the General Assembly intended to lodge and did lodge the discretion in the solicitor-general to determine whether or not the interest of the State in

each criminal case in the superior court required the attendance of all non-resident witnesses and the expense incident thereto. Without the discretion resting in some official to determine this fact, there would be no power to check expenditures of that character. Whenever the solicitor-general in his discretion deems it advisable to require the attendance of such non-resident witnesses, section 1143 declares the manner in which the expenditure is to be authorized. Under that section the expenditure is authorized whenever the solicitor-general signs the subpœna. Without the signature of the solicitor-general, a subpœna for a non-resident witness for the State in a criminal case is unauthorized and void, and under it no witness is entitled to collect fees. This was settled in *Monroe* v. *Anderson,* 152 *Ga.* 251 (109 S. E. 654), the headnote in which is as follows: "Unless at the time a subpœna for a non-resident witness for the State in a criminal case is issued it is signed both by the clerk of the superior court and the solicitor-general of the circuit, it is void; and though such witness may attend thereon, he is not entitled to compensation under the provisions of section 1143 of the Code of 1910."

Whether the solicitor-general will sign such a subpœna rests, under the law, within his discretion. Mandamus will not issue to dictate the manner in which he shall exercise such discretion. "'It is only practicable by mandamus to compel performance of specific acts, where the duty to discharge them is clear ·and well defined, and when no element of discretion is involved in the performance.' Where the officer has a discretion in the matter, the court may by this means compel him to exercise his discretion, but can not direct in what manner he shall exercise it." *Jackson* v. *Cochran,* 134 *Ga.* 397 (67 S. E. 825, 20 Ann. Cas. 219).

Whatever may be the effect of the law as above stated, the courts must follow the law. The petition in this case alleges that the solicitor-general refused to sign the subpœnas. Mandamus could not accomplish more. There need be no hardship experienced by the witness. When a subpœna *for the State* in a criminal case is served upon a non-resident of the county, and such subpœna is not signed by the solicitor-general, the witness ·may refuse to obey it until it has been signed. Such refusal to obey a void subpœna will then compel the solicitor-general to exercise his discretion, reposed in him by law, to sign the subpœna and thus make it valid,

or refuse to sign and thus dispense with the attendance of the witness. For these reasons the court did not err in dismissing the petition on general demurrer. It follows that no ruling is required on the subject of special demurrer. It may be well to add that we do not decide whether a city policeman of Atlanta has a "place of business" in Fulton County. That question is not for decision.

*Judgment affirmed. All the Justices concur.*