644

McGINTY v. GORMLEY, superintendent of banks.

No. 10893. October 16, 1935. Rehearing denied February 21, 1936.

*Jesse M. Sellers* and *Smith, Smith & Bloodworth,* for plaintiff.
*M. J. Yeomans, attorney-general,* and *Dave M. Parker, assistant attorney-general,* for defendant.

Bell, Justice.   J. Roy McGinty Jr. filed an application for the writ of mandamus in the superior court of Fulton county against R. E. Gormley as superintendent of banks, to require him to take possession of the assets and business of Cohutta Banking Company, of Chatsworth, Georgia, and to retain possession thereof until the bank shall be authorized to do business under proper and safe conditions, or until its affairs are liquidated as provided by law, and "to take such other action in the premises as may be appropriate." The defendant filed a demurrer, two of the grounds being that the petition did not state a cause of action, and that it shows upon its face that the superior court of Fulton County is without jurisdiction. The court sustained the demurrer on all grounds, and the plaintiff excepted.

The first question is whether the venue was properly laid in Fulton County, the Cohutta Banking Company being located in Murray County. We can not agree with the defendant that the suit could be brought only in the county in which the bank was

located. The defendant relies upon two statutes relating to the venue of suits against the superintendent of banks. The banking act of 1919 provided that in the event the superintendent of banks should refuse to issue certain permits or should refuse to do any act or thing authorized or required by the act to be done, the parties affected "may institute appropriate proceedings in the nature of a mandamus against the superintendent in the superior court of the county in which such bank is sought to be incorporated or have its charter amended, renewed, or surrendered, to compel him to issue such permit or authority, or to do any such act or thing authorized or required to be done hereunder, which proceeding shall be tried as in other cases of mandamus." Ga. L. 1919, p. 187; Code of 1933, § 13-1701. At the time of the passage of this act there was a statute upon the subject of venue, declaring that "all civil cases at law (except as otherwise provided by law) shall be tried in the county wherein the defendant resides." Civil Code of 1910, § 5526; Code of 1933, § 3-201. A petition for the writ of mandamus is a civil case in law to which this section is applicable. Did the legislature intend to repeal or modify this section to the extent of absolutely preventing suit in the county of the defendant's residence so far as it might apply to a case like the present, the official residence of the superintendent of banks being, as declared by law (Code of 1933, § 13-308), in Fulton County? Under the proper rules of construction this question must be answered in the negative. Repeals by implication are not favored, and the legislative intent to accomplish that result must be clear. *Edalgo* v. *Southern Railway Co.* 129 *Ga.* 258, 264 (58 S. E. 846); *Gray* v. *McLendon,* 134 *Ga.* 224, 230 (67 S. E. 859). In the absence of express language to that effect, a statute will not be construed as repealing a former one if by any reasonable construction the two may be reconciled. *Sampson* v. *Brandon Grocery Co.,* 127 *Ga.* 454, 456 (56 S. E. 488, 9 Ann. Cas. 331). It is also the rule that "a statute instituting a new remedy for an existing right does not take away a pre-existing remedy, without express words or necessary implication; the new remedy is cumulative, and either may be pursued." *Southern Railway Co.* v. *Moore,* 133 *Ga.* 806 (16), 809 (67 S. E. 85, 26 L. R. A. (N. S.) 851). The suit was properly brought in Fulton County. Whether or not the act of 1919, as quoted, is in violation of the constitutional provision

stated in the Code of 1933, § 2-4306, is a question not presented in the instant case. *Hutchings* v. *Roquemore,* 164 *Ga.* 637 (139 S. E. 216) ; *Bankers Savings &c. Co.* v. *Better Business Division,* 177 *Ga.* 334, 340 (170 S. E. 291). This conclusion accords with the decision in *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (3) (115 S. E. 648); *Sayer* v. *Bennett,* 159 *Ga.* 369 (3) (125 S. E. 855). The defendant also relies upon section 15a of the act of 1927 (Ga. L. 1927, p. 206), which provides that "All suits against the superintendent of banks, arising out of the liquidation of insolvent banks, shall be brought in the county in which such bank had its principal place of business." This statute is not applicable to the present case, because the suit is not one arising out of liquidation.

■ While the judge sustained the ground of demurrer pertaining to jurisdiction, and to this extent his judgment was erroneous, he at the same time adjudged that the petition did not state a cause of action; and since we are of the opinion that this part of the judgment, considered alone, was a correct termination of the case, we will not reverse the judgment merely because of the error as to jurisdiction. On the merits, it is insisted by the plaintiff that the allegations of fact showed it to be the duty of the superintendent to take charge of this bank for the purpose of liquidation, and that he had no discretion to do otherwise. The defendant contends, on the other hand, that he had a discretion in the premises, and that the petition failed to show any abuse of discretion such as would authorize the courts to interfere. We agree with the defendant in this contention. The petition alleged that Cohutta Banking Company was the treasurer or county depository of Murray County, and that the bank had paid out the funds of the county in a large amount on checks drawn by one not authorized to act for the county in such matters. See *McGinty* v. *Pickering,* 180 *Ga.* 447 (179 S. E. 358). The petition further alleged that in consequence of these transactions "the said bank is liable to Murray County for all of said unlawful and improper disbursements, and said bank is in an unsafe and unsound condition to transact the business for which it was organized, and it is unsafe for it to continue business; and the superintendent of banks should, in the proper and lawful discharge of his duties, forthwith take possession of all the assets and business of said bank, and retain

possession thereof, until said bank shall be authorized by him to resume business upon such conditions as may be approved by the defendant, or until its affairs be liquidated as provided by law." It was further contended that the capital stock had become impaired to the amount of more than ten per cent., as a result of the acts complained of; and it is averred that all of the facts stated in the petition were called to the attention of the superintendent, with a request for appropriate action before the present suit was filed. Neither Cohutta Banking Company nor Murray County was made a party.

The plaintiff relies upon the following provision of the banking act: "Whenever it shall appear to the superintendent of banks that any bank. has violated its charter or any law of the State, or any law or regulation of the department of banking, or is conducting business in an unsafe or unauthorized manner; or that its capital is impaired more than ten per cent. below its par value and has not been made good under the requirement of the superintendent; or when any bank shall refuse to submit its papers, books, and concerns to the inspection of the superintendent, or any examiner; or when any officer thereof shall refuse to be examined on oath touching the affairs, business, or concerns of any such bank; or when any bank shall suspend payment of its obligations or shall fail to pay any final judgment from which no further appellate proceedings will lie, within ten days after the rendition thereof; or any other judgment within ten days after the expiration of the time for entering appellate proceedings; or when from any examination made by the superintendent, or any examiner, the superintendent shall have reason to conclude that any bank is in an unsafe or unsound condition to transact the business for which it was organized, or that it is unsafe for it to continue business; or when any bank shall neglect or refuse to observe any lawful order of the superintendent directing or requiring the doing of any particular matter or thing required to be done by law, the superintendent himself, or by a duly authorized agent, shall forthwith take possession of all the assets and business of such bank and retain possession thereof until such bank shall be authorized by him to resume business, or its affairs be liquidated as herein provided." Code of 1933, § 13-801; Ga. L. 1919, p. 154. It does not appear that Murray County has obtained a judgment against

the bank, or that it is even claiming a liability against it. The liability alleged by the plaintiff may not exist in fact, because the funds may have been applied in full value to the proper county uses. *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (3) (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). Furthermore, the impairment of capital stock does not require that the bank shall be instantly closed. The superintendent may first require such impairment to be made good by the stockholders. Code of 1933, §§ 13-701, 13-702.

It is perfectly evident that it was the intention of the banking act to vest in the superintendent a very broad discretion in supervising the banks of this State and in determining when the bank should be closed for the purpose of liquidation. Even the language of section 13-801 of the Code of 1933, relied on by the plaintiff, plainly manifests this intention on the part of the legislature. Mandamus does not lie as a remedy against a public officer "who has an absolute discretion to act or not, unless there is a gross abuse of such discretion." Code of 1933, § 64-102. This principle has been applied in numerous cases. In *City of Atlanta* v. *Wright*, 119 *Ga.* 207 (45 S. E. 994), it was said that the writ "does not lie to control the conduct of an officer vested with a discretion, except where the exercise of that discretion has been so capricious or arbitrary as to amount to a gross abuse." See also *Wood* v. *Board of Education of Washington County*, 137 *Ga.* 808 (74 S. E. 540); *Bahnsen* v. *Young*, 159 *Ga.* 256 (125 S. E. 459); *Cody* v. *Boykin*, 163 *Ga.* 1, 3 (135 S. E. 75); *Douglas* v. *Board of Education of Johnson County*, 164 *Ga.* 271, 276 (138 S. E. 226); *VanValkenburg* v. *Stone*, 172 *Ga.* 642 (158 S. E. 419). Assuming that the allegations of the petition, if proved as laid and not explained, might be sufficient to authorize or even demand an inference that the bank is insolvent, the court should not, in a suit against the superintendent alone, compel him by mandamus to take charge of the bank for the purpose of liquidation merely because of such prima facie inference of liability and insolvency. The question of liability is one arising mainly between the bank and Murray County, and it should not be adjudicated in such an indirect proceeding as was here instituted. Cf. *Smith* v. *Hodgson*, 129 *Ga.* 494 (59 S. E. 272). It is a most serious matter to close the doors of a bank and force it into the hands of a receiver

as an insolvent institution. Many facts must be considered and weighed cautiously by the superintendent; and there is a strong presumption that he will perform his duty and exercise a wise discretion. In *Davis* v. *Arthur,* 139 *Ga.* 74 (76 S. E. 676), it was said: "There is always a prima facie presumption in favor of the good faith of the officer; and he who assails his official acts by employing the writ of mandamus must prefer specific charges. The authorities concur in stating the rule of pleading in mandamus cases to be that the allegations of the petition must be positive, and not on information and belief; that the facts must be pleaded with certainty. The ultimate facts upon which the right to the writ of mandamus is based should be alleged." See also *Cox* v. *Little,* 178 *Ga.* 750 (174 S. E. 232).

The petition failed to show any abuse of discretion by the superintendent of banks, and the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent.*

ON REHEARING.

Section 13-1604 of the Code of 1933 is in part as follows: "Any person shall have the right to submit to the superintendent of banks any facts which under the law would authorize the forfeiture of the charter of a bank, or any facts which would authorize the liquidation of a bank, or the appointment of a receiver therefor, and on such submission being made, it shall be the duty of the superintendent of banks to investigate, and if on such investigation he ascertains that the facts are such as will justify action for forfeiture of the charter, or for the liquidation of the bank, or for the appointment of a receiver, it shall be the duty of the superintendent to take appropriate action in the premises." It is contended that the complaint made by the plaintiff in error to the superintendent was at least sufficient to require the superintendent "to investigate," but that he took absolutely no action. While as against an officer having a discretion the writ of mandamus may, in a proper case, be issued for the purpose of setting him in motion, without further controlling or interfering with his action (*Richmond County* v. *Steed,* 150 *Ga.* 229, 232, 103 S. E. 253), it "is not an appropriate remedy to compel a general course of official conduct for a long series of continuous acts to be per-

formed under varying conditions." *Bahnsen* v. *Young,* supra. The latter rule, and not the former, applies in the present case. Furthermore, as suggested in the original decision, the petition was properly dismissed because the bank was not made a party defendant. In *Walton* v. *Booth,* 151 *Ga.* 452, 455 (107 S. E. 63), the application for the writ of mandamus involved the validity of an election, and persons claiming to have been elected were not made parties defendant. It was held that this "was sufficient reason for the refusal of the court to make the mandamus absolute."

*Judgment adhered to. All the Justices concur, except Beck, P. J., absent because of illness.*