OWEN *v.* BUTLER, ordinary.

No. 12900. SEPTEMBER 14, 1939.

*Frank O. Evans, A. S. Boone Jr., George H. Carswell,* and *L. D. Moore,* for plaintiff.

*Park & Park* and *Victor Davidson,* for defendant.

BELL, Justice. The court did not err in sustaining the motion of the defendant to dismiss the petition for mandamus. It appeared from the petition that the defendant did consider the plaintiff's contest, heard some evidence thereon, and entered a final order determining it in favor of the contestee. Under the law, any contest which arises over a municipal election shall be heard by the ordinary (Code, § 34-3001), who shall follow the procedure prescribed for contests where commissions are issued by the Governor. Contests of the latter class are to be determined by the judge of the superior court, and the mode of procedure is as stated in the Code, §§ 34-2801, 34-2802, 34-2803. In *Tupper* v. *Dart,* 104 *Ga.* 179, 184 (30 S. E. 624), it was said that it was competent for the legislature to make the decision of the ordinary final in matters

of this kind. In *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103), it was held that "the decision by the ordinary in such contest is final." The petition for the writ of mandamus amounted to a mere appeal, or to an effort to review errors alleged to have been committed by the ordinary sitting as a contest officer; whereas no such appeal or review is provided by law. *Chapman* v. *Dobbs,* 175 *Ga.* 724, 730 (166 S. E. 22) ; *Woodard* v. *State,* 103 *Ga.* 496 (30 S. E. 522) ; *Robertson* v. *Easley,* 20 *Ga. App.* 258 (92 S. E. 1027) ; *West* v. *Lewis,* 188 *Ga.* 437 (4 S. E. 2d, 171). The contest having been heard and determined, it was not within the jurisdiction of the superior court, on petition for mandamus, to examine the matter for the purpose of discovering whether the ordinary erred either in the final conclusion reached or in the antecedent ruling as to opening the ballot-box. See *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54 (172 S. E. 1). It follows, of course, that in this case no decision will be made as to whether the contestant was estopped as claimed, or as to whether a proper case was otherwise made for opening the ballot-box.

As an additional reason for affirmance it may be stated that the contestee would have been adversely affected by any judgment for the plaintiff in the mandamus case, and he was not made a party defendant. *Smith* v. *Hodgson,* 129 *Ga.* 494 (59 S. E. 272) ; *Walton* v. *Booth,* 151 *Ga.* 452, 455 (107 S. E. 63) ; *McGinty* v. *Gormley,* 181 *Ga.* 644, 650 (183 S. E. 804).

*Judgment affirmed. All the Justices concur.*