McFARLANE *v.* EAST DETROIT BOARD OF EDUCATION.

SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TENURE TEACHER—
NOTICE—HEARING—EVIDENCE.

> Record on review of action of board of education in declining to
> rehire plaintiff, a tenure school teacher, *held*, not to disclose
> a failure on the part of defendant board to comply with statu-
> tory requirements, where it accorded plaintiff written charges
> detailing acts of insubordination and failure to comply with
> instructions of her superiors with respect to lesson planning,
> organization, and teaching methods, accorded her a hearing
> thereon at which she was afforded an opportunity to be rep-
> resented by counsel, and the board supported its charges by
> testimony of witnesses (CL 1948, § 38.102).

Appeal from State Tenure Commission. Sub-
mitted June 6, 1961. (Docket No. 11, Calendar No.
48,935.) Decided September 22, 1961.

Certiorari by Louise McFarlane against East De-
troit Board of Education to review procedure sur-
rounding her dismissal as a teacher. Action by
defendant school board affirmed.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,*
for plaintiff.

*Hand, Sullivan, Kiefer & Allen* (*H. Rollin Allen,*
of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

47 Am Jur, Schools §§ 139, 140.
Teachers' tenure statutes. 110 ALR 791, 113 ALR 1495, 127
ALR 1298.

DETHMERS, C. J. Plaintiff was a tenure teacher of defendant school district. On April 4, 1960, the board of education unanimously adopted a resolution that a contract for the school year 1960–1961 should not be tendered to plaintiff and directing its secretary to notify plaintiff of that action and the reasons therefor. On April 7, 1960, the secretary sent such notice to plaintiff, advising that she would not be rehired and stating as charges and reasons therefor detailed acts of insubordination and failure to comply with instructions from her superiors with respect to lesson planning, organization, and teaching methods. On May 5, 1960, plaintiff sent a letter to the superintendent requesting a hearing on the charges. A hearing was set and held on May 16, 1960. At that time, at a special meeting, the board's counsel advised it that plaintiff should have been given a hearing prior to dismissal. Accordingly, the board rescinded its action of April 4th and then adjourned its special meeting. It then reconvened for the purpose of the hearing demanded by plaintiff. The attorney for the board then advised plaintiff that she could have a public or private hearing, at her option, and that she could be represented by counsel. She requested a private hearing. She was represented by a nonlawyer representative of the Michigan Education Association. She was informed that if she wished to procure the services of an attorney the board would adjourn the hearing until she had done so and was ready. She replied that she was ready to proceed at that time. Witnesses were sworn, who testified in support of the charges. They were admitted to some extent by plaintiff. On May 23, 1960, the board again unanimously voted not to rehire plaintiff, and she was so notified on May 24th. Plaintiff then appealed to the tenure commission, which held a preliminary hearing and the matter was adjourned until rescheduled. Before such re-

scheduling occurred the matter came here on leave granted.

Plaintiff's claim is that the proceedings of the board of education, ending in her dismissal, were invalid and of no effect and thus plaintiff is entitled to be reinstated as teacher because of failure of the board, prior to its adoption of the resolution of April 4, 1960, to furnish plaintiff with a written statement of the charges and, at her option, to accord her a hearing thereon, as provided in the tenure act (CL 1948, § 38.102 [Stat Ann 1959 Rev § 15.2002]).

Whatever may be said of the board's action of April 4th because of failure to previously serve notice of charges on plaintiff and provide her a hearing thereon, that action was rescinded on May 16th. The board's action in declining to rehire her is not dependent for its validity on that action. The fact remains that in notifying her of that action, plaintiff was given a written statement of the charges on April 7th, she demanded a hearing thereon on May 5th and it was held on May 16th, at a time and in a manner and form approved by her. No failure to comply with statutory requirements requisite to validity of the May 23d action of the board declining to rehire plaintiff is disclosed by the record.

The action of the board of education was valid and is affirmed.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.