21628. MORMAN v. BOARD OF EDUCATION OF RICHMOND COUNTY.

ARGUED MAY 14, 1962—DECIDED JUNE 12, 1962.

*G. G. Dickenson, Isaac S. Peebles, Jr.,* for plaintiff in error. *Franklin H. Pierce,* contra.

HEAD, Presiding Justice. 1. Generally, a county board of education is not a body corporate with authority to sue and be sued. *Smith v. Board of Ed. of Washington County,* 153 Ga. 758 (2) (113 SE 147); *Board of Ed. of Baker County v. Hall,* 189 Ga. 615, 617 (2) (7 SE2d 183); *Duffee v. Jones,* 208 Ga. 639, 645 (68 SE2d 699); *Smith v. Maynard,* 214 Ga. 764 (2) (107 SE2d 815).

The act approved February 25, 1949 (Ga. L. 1949, pp. 1435-1460), creating the "Richmond County Educational System," provides in § 2 that the "Board of Education shall be a body politic and corporate in law, and as such may contract and be contracted with, sue and be sued, etc." Ga. L. 1949, p. 1440. The general rule that a county board of education can not be sued is not applicable in the present case.

2. Section 11 of the 1949 act creating the Richmond County Educational System, with reference to the "Tenure of Teachers," provides for "a probationary service of three school years of not less than seven consecutive months each," and that, "All teachers reappointed, without the condition hereinafter described, af-

ter the expiration of the probationary period, . . . shall have a permanent tenure, and no teacher shall be removed from his employment" except for one of four stated reasons, the second being: "(b) Failure to maintain professional standards and professional efficiency." As a condition to permanent tenure a teacher is required to have issued to him or her a four-year college professional teacher's certificate by the State Department of Education. Section 11 further provides: "Before a removal on any of the grounds set forth above as (a), (b), (c) and (d), the teacher shall be entitled to a clear statement in writing of the grounds of the proposed removal and an opportunity to be heard thereon before the Board of Education, personally or by counsel, which hearing shall be public."

No notice or hearing was accorded the teacher in the present case prior to the failure of the board to employ her for the school year 1961-1962. By amendment to her petition she alleged that she received a letter dated December 1, 1961, in which the defendant attempted to terminate her employment as of December 1, 1961. The letter is attached as an exhibit, and reads as follows: "As attorney for the County Board of Education of Richmond County, Georgia, I have been instructed to notify you that the Board has terminated your employment effective December 1st, 1961, because of your failure to maintain professional efficiency as required by the Board. This notice is given you pursuant to the provisions of Georgia Laws 1949 pages 1435-1460. If you wish to be heard on this matter you may do so either in person or by attorney, upon your giving notice to the County Board of Education."

This letter is not in accord with the provisions of § 11 of the 1949 act, and is wholly invalid as being notice required by the act, since it was written subsequently to the failure to employ, and not prior thereto, as required by the act. Under the allegations of the petition, the teacher had acquired a permanent tenure, and there could be no valid dismissal until after notice and a hearing.

Where tenure is created by an act which provides for notice and a hearing before discharge, failure to give the notice and accord the employee the right to be heard amounts to a denial of "due process of law." Constitution, Art. I, Sec. I, Par. III

(*Code Ann.* § 2-103). "The fundamental idea in 'due process of law' is that of 'notice' and 'hearing.' It means that the citizen must be afforded a hearing before he is condemned. There must be a hearing first, and judgment can be rendered only after trial." *Arthur v. State,* 146 Ga. 827, 828 (92 SE 637). This language is particularly applicable in the present case, where the statute requires both notice and a hearing. See also *Coleman v. Glenn,* 103 Ga. 458 (30 SE 297, 68 ASR 108); *Ledbetter v. Reese,* 148 Ga. 633 (97 SE 669); *Talmadge v. Cordell,* 167 Ga. 594 (5) (146 SE 467); *Walton v. Davis,* 188 Ga. 56 (2 SE2d 603).

In principle, the present case is controlled by the ruling of this court in *Board of Education of Richmond County v. Young,* 187 Ga. 644, 647 (1 SE2d 739), where this court held: ". . . the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2200 to $1400 per annum." The *Young* case was decided under the act of 1937 (Ga. L. 1937, pp. 1409-1413), pertaining to the Richmond County Board of Education. Under the 1937 act it was provided that "whenever a principal or teacher is charged with such a deficiency, this principal or teacher shall have the right to defend himself before the board of education. . ." Under the 1949 act, the teacher in the present case had the right to defend herself. Employment could not be denied her until after notice and a hearing, as required by the act.

The case of McFarlane v. East Detroit Board of Education, 364 Mich. 103 (110 NW2d 808), has no application to the facts in the present case. In the Michigan case the teacher was given notice and was accorded a hearing in May, 1960, prior to the action of the board in declining to re-employ her for the 1960-1961 school year. The opinion states that the hearing was had "at a time and in a manner and form approved by her," and that there was no failure to comply with statutory requirements. In the present case, there was no compliance with the requirements of the statute as to notice and a hearing before failure to employ. The act of 1949 makes no provision for notice and a hearing after failure to employ, such as was attempted in the present case.

*Judgment reversed. All the Justices concur.*