22306. MULCAY v. MURRAY et al.

Argued January 14, 1964—Decided March 5, 1964—
Rehearing denied March 18, 1964.

748

750

*Congdon & Holley,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* contra.

QUILLIAN, Justice. 1. The case is here on exception to a judgment sustaining a general demurrer to the petition. The

controlling question in the case is whether the petition shows a resolution passed by the Civil Service Commission removing the plaintiff from the office designated by the city charter as First Assistant Chief of the city fire department and discharging him from the fire department was void. This is true because upon the decision of the question as to whether the resolution is void depends the sufficiency of the petition to set forth a cause for any of the relief prayed therein.

The petition alleges the plaintiff is the lawful incumbent of an office created by the charter of the City of Augusta and designated therein as First Assistant Chief of the city fire department and is an employee of the department. The city charter created the Civil Service Commission and empowered that body to hear and determine charges brought against officers and employees of the fire department under the rules of procedure prescribed therein. These rules of procedure required the Commission to furnish the accused officer or employee with written notice of the charges against him, give him at least three days notice of the time and place of hearing the charges and afford him opportunity to deny the truth of the charges and to disprove them.

The petition relates that no notice was furnished the plaintiff of the charges made against him, no notice was given him of the time and place of hearing the charges and he was not afforded an opportunity to deny the truth of the same or to offer evidence to prove his innocence. The resolution discharging the plaintiff, a copy of which is attached to and made a part of the petition, confirms the averments of the petition; for it appears on its face to be an ex parte action of the Commission, does not recite notice was given the plaintiff and does not purport to be predicated upon evidence. The principle is pronounced in *Morman v. Board of Educ. of Richmond County,* 218 Ga. 48, 50 (126 SE2d 217): "Where tenure is created by an act which provides for notice and a hearing before discharge, failure to give the notice and accord the employee the right to be heard amounts to a denial of 'due process of law.' Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103). 'The fundamental idea in "due process of law" is that of "notice" and "hearing." It means

that the citizen must be afforded a hearing before he is con-
demned. There must be a hearing first, and judgment can be
rendered only after trial.'' *Arthur v. State,* 146 Ga. 827, 828
(92 SE 637). This language is particularly applicable in the
present case, where the statute requires both notice and a hear-
ing. See also *Coleman v. Glenn,* 103 Ga. 458 (30 SE 297, 68
ASR 108); *Ledbetter v. Reese,* 148 Ga. 633 (97 SE 669); *Tal-
madge v. Cordell,* 167 Ga. 594 (5) (146 SE 467); *Walton v.
Davis,* 188 Ga. 56 (2 SE2d 603)."

An officer or employee of the Augusta Fire Department has a
fixed tenure or term in that he holds an office in the department
and has the status of an employee until and unless his tenure of
office or the duration of his employment is terminated either by
a trial under the charter specifications to which reference has
been made, or upon his attaining the age of 55 years and having
served in the department 25 years, when he can be retired, in
the discretion of the Commission, with full pension rights.

2. The resolution is alleged to be void because the Commis-
sion in adopting it acted in violation and excess of the jurisdic-
tion conferred upon it. The charter of the City of Augusta
which created the Commission provided that body was author-
ized to hear charges preferred against officers and employees of
the city fire department under certain prescribed rules of pro-
cedure and that in the event the Commission found the charges
to be true it could discharge such officer or employee. In the
same paragraph is the charter provision: "Provided, further,
that any chief of police, acting chief of police, chief of the fire
department, acting chief of the fire department, assistant chiefs,
captains, lieutenants, sergeants, privates, or other employees of
either police or fire departments, who has or shall reach the age
of fifty-five (55) years, and who has had twenty-five (25) years of
service with the City of Augusta, may be retired from either
of said departments, with all pension, or retirement rights now
allowed by law. Provided further, that if such officer or em-
ployee shall not have had said twenty-five (25) years service
on reaching his 55th birthday, he shall have the privilege of
continuing such service under the rules and regulations of the
civil service commission, and upon securing twenty-five (25)

years of service and upon being fifty-five (55) years of age, or more, said officer or employee shall be eligible to retire upon his own motion, or upon motion of said commission should said commission deem it necessary to retire him."

The plaintiff was, according to the petition, 55 years old, had served the fire department for over 25 years and occupied the status of an employee of the department when the resolution was passed. The petition further alleges that notwithstanding these facts the Commission refused to recognize that he was entitled to retire with pension benefits and passed the resolution discharging him as an employee of the fire department without giving him an opportunity to voluntarily retire with such pension benefits. This action of the Commission, the petition asserts, was contrary to law and void.

The charter of the city requires the city employees to contribute to the fund from which the pension is paid. Ga. L. 1925, pp. 867, 869; as amended by Ga. L. 1945, pp. 782, 784. Hence, the right to the pension is not a gratuity, but is a contractual right growing out of the relation of the City of Augusta and its employees.

When the right to the pension accrued, according to the provisions under the charter, it became a vested right. It is held in *Bender v. Anglin*, 207 Ga. 108, 109 (60 SE2d 756): " 'The unquestioned general rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right, and that a pension is accordingly terminable at the will of the grantor, either in whole or in part.' This general rule is applicable to gratuities as distinguished from grants for a consideration. It controls in those cases where the laws providing therefor are so construed as to hold that the pensioner pays no consideration for the grant received under such plan. Pennie v. Reis, 132 U.S. 464 (10 SC 149, 33 LE 426) ; Frisbie v. United States, 157 U.S. 160 (15 SC 586, 39 LE 657) ; Lynch v. United States, 292 U.S. 571 (54 SC 840, 78 LE 1434). See also 54 ALR 943; 112 ALR 1009. It would be an unjustified distortion of this general rule to apply it in cases where the laws providing for retirement and disability compensation are construed to

require the recipients of such benefits to make valuable contributions as consideration for the benefits to be received."

The allegations of the petition discussed in this division of the opinion were sufficient to show the Commission acted in excess of the authority conferred upon it by the city charter and that the action of the Board in discharging the plaintiff without giving him the opportunity to retire was illegal and void.

3. The petition prayed that the resolution of the Commission in removing the plaintiff from the office of First Assistant Chief of the city fire department be declared null and void, and the Commission be restrained from illegally appointing a successor in the plaintiff's stead to fill the office.

The right of the plaintiff to invoke the aid of equity to have the resolution decreed void and set aside is apparent. This court held in *Henry & Co. v. Johnson,* 178 Ga. 541 (6) (173 SE 659): "A court of equity has jurisdiction to cancel and set aside a void judgment rendered by another court, *Crane v. Barry,* 47 Ga. 476 (2), *Jordan v. Callaway,* 138 Ga. 209 (3) (75 SE 101), *Crowley v. Calhoun,* 161 Ga. 354 (130 SE 563); and in a suit to cancel a void judgment the plaintiff may in a proper case obtain additional equitable relief, such as injunction. . ." Similar pronouncements are found in *Jeffers v. Ware,* 72 Ga. 135, and *Buxton v. Hooker,* 214 Ga. 271, 272 (104 SE2d 437).

The averments of the petition that the plaintiff was the lawful incumbent of the office of First Assistant Chief of the city fire department and was wrongfully removed from office by the void resolution of the Commission set out the plaintiff's right to the injunction prayed.

A court of equity may restrain one who seeks by force or intrusion to interfere with an incumbent's possession of office. *Allen v. Wise,* 204 Ga. 415 (50 SE2d 69). For other cases regarding this rule see *Sutton v. Adams,* 180 Ga. 48, 60 (178 SE 365); *Patten v. Miller,* 190 Ga. 105 (8 SE2d 776); *Cummings v. Robinson,* 194 Ga. 336 (21 SE2d 627).

However, the Commission insists that subsequent to the order of the trial judge dissolving the restraining order, and while the case was pending in this court, it appointed the plaintiff's successor to the office of First Assistant Chief and installed him

in that office. For this reason it insists the question as to whether the plaintiff was entitled to an injunction to restrain the appointment of his successor to the office became moot and should not be considered upon review of the case.

The power conferred upon the Civil Service Commission by the charter of the City of Augusta is to fill vacancies in the several offices of the fire department, but not to appoint successors to offices of the department where no vacancy exists. The power is similar to the power lodged in the Governor under provisions of the Constitution to fill vacancies in the offices of members of the State Highway Board. In the case of *Patten v. Miller*, 190 Ga. 105, 117, supra, this court dealt with a similar situation, and held that where the Governor through a void order removed a member of the highway board from office, no vacancy was created and a subsequent order of the Governor appointing a successor to the member of the board was likewise void.

The pronouncement is made of the principle in *Patten v. Miller*, 190 Ga. 123 (1f, g) (8 SE2d 757): "The provision of the Constitution (*Code* § 2-2614) to the effect that when any office shall become vacant by death, resignation, or otherwise, the Governor shall have power to fill such vacancy, confers no power to create a vacancy by any declaration or judgment that one exists; there must be an actual vacancy before the power or duty of filling it arises. An actual vacancy being a condition precedent to the authority or jurisdiction to appoint, the question of its existence is subject to inquiry, at the instance of the person whose tenure is challenged, should he desire to make an issue of it in a judicial proceeding."

In the present case, according to the petition, the resolution removing the plaintiff from office was entered under circumstances that rendered it utterly void. The void act of the Civil Service Commission attempting to remove the plaintiff from office was, as is a void judgment, a mere nullity, a nothing. It created no vacancy in the office. There being no vacancy to be filled, the appointment by the Commission of the plaintiff's successor likewise was void, possessed no efficacy and left the office as vacant as before it was passed.

*Judgment reversed. All the Justices concur. Duckworth, C.*

*J., concurs in the judgment but not in all that is stated in the opinion because it is needlessly long.*