### 22513. JOWERS v. GRIFFIN et al.

QUILLIAN, Justice. M. C. Jowers, Jr., a qualified voter, resident and taxpayer of the Ambrose-Bridgetown District of Coffee County brought this action against the members of the Coffee County Democratic Executive Committee, including the Chairman, F. R. Griffin, in the superior court of that county. His petition as amended was in two counts: one of which sought to have an Act of 1960 (Ga. L. 1960, p. 2147), declared unconstitutional and the executive committee enjoined from certifying Conway Vickers as the Democratic Party nominee for District Number 3 (Ambrose-Bridgetown) Commissioner; the other count also was predicated on declaring the 1960 Act unconstitutional and that the defendants be required by mandamus to certify said F. R. Griffin as the Democratic Party nominee for District Number 3 Commissioner. In both counts he prayed that any prior certification made by the defendants be declared void.

The pertinent facts as set out in the two counts of the petition are as follows: that there are three commissioner districts in Coffee County; that the Ambrose-Bridgetown voting districts comprise District Number 3; that under a 1951 Act (Ga. L. 1951, p. 2773), one commissioner was selected from each district and was voted for by the electors in their respective commissioner districts only, both in the primary and the general elections; that the Act of 1960 provides for the election of commissioners in each district from the county at large;

that F. R. Griffin received a majority vote of those residing in District Number 3, but Conway Vickers received a majority of all the votes in the county at large; that the defendants declared Vickers to be the nominee and certified him as the nominee to the Secretary of State; that the plaintiff voted for Griffin and his vote will be voided and reversed if Vickers is declared to be the Democratic Party nominee; that Georgia law requires a nominee of a political party to be certified to the ordinary of the county at least 45 days before the general election; that as of the time the petition was filed no certification had been made to the ordinary.

The petition alleges that the Act of 1960 is void and unconstitutional for various reasons and, as a result, the plaintiff contends that the primary should have been conducted pursuant to the 1951 Act, supra, and it "was illegally conducted and/or the results thereof illegally declared" under the 1960 Act. The plaintiff "believes and alleges that if the court declares the Act of 1960 unconstitutional and void that the defendants . . . would declare the results in accordance with the valid statute, but that unless said Act is declared unconstitutional and the defendants restrained and enjoined from doing so, that the defendants will declare" Vickers the nominee instead of Griffin.

In support of his action for mandamus in count 2 of the petition, the plaintiff alleges: "that unless required by order of this court so to do by writ of mandamus that the defendants . . . will not certify" Griffin as the Democratic nominee for the office of District Number 3 Commissioner.

The trial judge refused to grant a temporary restraining order and the cause came on for a hearing of the demurrers, at which time the defendants' general demurrer to the amended petition was sustained. To this final judgment the plaintiff excepted and assigns error. *Held:*

1. The petition in undertaking to set forth the plaintiff's right to mandamus affirmatively shows that the primary election for commissioners of Coffee County, including District Number 3, was held under no law except the Act of 1960, supra; that, according to the Act, the candidate receiving the majority vote of the entire electorate of Coffee County at the primary held under the provisions of the Act was the legal nominee of the Democratic Party for the office; and that Vickers, not Griffin, received the majority vote cast in the

county at large. The petition specifically alleged: "In the consolidated total of all the voting districts of Coffee County, the Honorable Conway Vickers received a majority of all of the votes of the electors participating in said election"; and that: "The ballots furnished to all the voters of Coffee County, with respect to the Commissioners of Roads and Revenues election, had thereon the names of all the candidates for each of the three Commissioner Districts, and all of the electors of Coffee County were permitted to vote in each of the races for Commissioner of Roads and Revenues whether or not they lived in the voting districts which composed the particular Commissioner District." Thus, the petition makes it plainly apparent that the only election for commissioner was held under the 1960 Act.

It clearly appearing from the petition that no election was held except under the Act of 1960 and that Vickers and not Griffin received the majority vote in that election, no duty rested upon the County Democratic Executive Committee to certify the name of Griffin to the Ordinary of Coffee County as the successful candidate in that election. "Mandamus will not lie to compel a public officer to do an act not clearly commanded by law, nor is one entitled to the writ unless it be made to appear that he has a clear legal right to have the particular act performed, the doing of which he seeks to have enforced." *Cureton v. Wheeler*, 172 Ga. 879, 882 (159 SE 283); *Bowles v. Etheridge*, 176 Ga. 660 (168 SE 769).

2. Vickers who received the majority vote of the electors of Coffee County and was, according to the petition, the successful candidate in the only election held was not named a party to the case. According to the holdings of *Walton v. Davis*, 188 Ga. 56 (2 SE2d 603), *Morman v. Bd. of Ed. of Richmond County*, 218 Ga. 48, 51 (126 SE2d 217), *Mulcay v. Murray*, 219 Ga. 747 (136 SE2d 129) (See also *Walton v. Booth*, 151 Ga. 452, 455, 107 SE 63; *Owen v. Butler*, 188 Ga. 645, 648 (2), 4 SE2d 635; *Gullatt v. Slaton*, 189 Ga. 758, 760, 8 SE2d 47), he was a necessary and indispensable party. Hence, the petition set forth no cause for injunction. *Flinn v. Flynn*, 210 Ga. 280, 281 (79 SE2d 534); *Wyche v. Green*, 32 Ga. 341; *Henderson v. Napier*, 107 Ga. 342 (33 SE 433); *Gormley v. Wilson*, 176 Ga. 711 (168 SE 568); *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *Code* § 37-1004.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 8, 1964—DECIDED SEPTEMBER 16, 1964—
REHEARING DENIED SEPTEMBER 28, 1964.

*George Jordan, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Marshall Ewing, Elie Holton, George Maddox, Ewing & Williams,* contra.