22828. AMERSON v. POPE, Ordinary.

DUCKWORTH, Chief Justice. The contention of the defendant in error that certiorari is the proper remedy and mandamus will not lie to require the ordinary to hear the election contest is without merit since under *Harris v. Glenn,* 141 Ga. 687 (81 SE 1103), *Simpson v. Rimes,* 141 Ga. 822 (82 SE 291); *Walton v. Booth,* 151 Ga. 452 (107 SE 63), and *Owen v. Butler,* 188 Ga. 645 (4 SE2d 635), it is held that the ordinary is not acting in a judicial capacity in an election contest, his actions being purely statutory and limited in scope. However, the contention that the party contestee would be adversely affected by any judgment for the plaintiff in the mandamus action and is, therefore, an essential and necessary party, is good, and for this reason, the mandamus action is fatally defective in failing to name said contestee as a party defendant and was properly dismissed. *Smith v. Hodgson,* 129 Ga. 494 (59 SE 272); *Walton v. Booth,* 151 Ga. 452, supra; *McGinty v. Gormley,* 181 Ga. 644, 650 (183 SE 804); *Owen v. Butler,* 188 Ga. 645, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 8, 1965—DECIDED FEBRUARY 18, 1965.

*B. H. Barton,* for plaintiff in error.
*Congdon & Holley, William P. Congdon,* contra.