GILES S. WHITTEN, plaintiff in error, vs. THE MAYOR AND COUNCIL OF COVINGTON, defendants in error.

By an ordinance of the city of Covington, regulating the retail of spirituous liquors therein, it is provided that the applicant for a license to retail "shall, before receiving such license, produce the written recommendation of four of his nearest neighbors, each signature to represent a separate and distinct establishment:"

*Held*, That this was a legal and valid ordinance of the city, under the grant of power conferred by the 13th section of the city charter.

Constitutional law. Municipal Corporation. Before Judge GREEN. Newton Superior Court. March Term, 1871.

Whitten had been for years a retailer of liquor in Covington, a city whose Mayor and Council had, by law, power to grant licenses for that business in its limits. He had paid all taxes and fees required of him. His license expired and he applied for its renewal. An ordinance of the city required such applicants, before receiving such license, to "produce the written recommendation of four of his nearest neighbors, each signature to represent a separate and distinct establishment." Whitten did not produce such a recommend-

ation, (but did present one of many persons not his nearest neighbors;) and for want of it the Mayor and Council refused to grant him license. He sued out *mandamus* to compel them to issue such license. They answered as above and the Court refused to make the *mandamus* absolute. That is assigned as error.

L. B. ANDERSON, by E. N. BROYLES, for plaintiff in error. Said Ordinance conflicts with section 2, Artitle I., Constitution of Georgia, 1868, and section 1, Article XIV., Amendments Constitution United States. It restrains trade: Grant on Corporations, 91. It conflicts with the general law: Revised Code, section 1432; 12th Georgia Reports, 404; 15th, 408; 22d, 203; 5 John. Ch., 111; 9th John. R., 259, 260.

CLARK & PACE, for defendant.

WARNER, Judge.

This was a *mandamus* by the petitioner calling on the Mayor and Council of the city of Covington, to show cause why a license should not be granted to him to retail spirituous liquors within the limits of said city. The city authorities showed for cause why said license should not be granted, that the peittioner had failed to comply with that part of the city ordinance in relation to the issuing of license to retail spirituous liquors in said city, which is as follows: "He shall, before receiving such license, produce the written recommendation of four of his nearest neighbors, each signature to represent a separate and distinct establishment." On hearing the *mandamus* the Court refused to make the same absolute, but dismissed it; whereupon, the petitioner excepted. This was a legal and valid ordinance of the city, under the grant of power conferred by the 13th section of the city charter, and there was no error in the Court below in refusing to make the *mandamus* absolute and dismissing the same. Judgment affirmed.