## TRAMMELL *v.* YANCEY, mayor, *et al.*

BECK, J. 1. A city ordinance prescribing that "No person, firm, or corporation shall be permitted to establish a pool or billiard room or tenpin alley, to be operated for hire, without first obtaining written permission of both the landlords and tenants nearest such place on either side, and no license will be granted until such permission is obtained," is not void on the ground that it is an unreasonable restriction upon businesses of the character therein dealt with. Freund's Police Power, § 645 et seq. and cases cited.

2. This was an application for mandamus to compel the municipal authorities to issue a license to the applicant to conduct a pool and billiard room in the City of Rome. Certain tenants and landowners living adjacent to the premises upon which it was proposed to conduct the billiard room were allowed to intervene, over objection of the applicant, and set forth their objections to the granting of the license sought. These intervenors were not necessary or proper parties to the action; but inasmuch as the ordinance required, as a condition for the obtaining of the license, the permission of both the landlords and the tenants nearest to the place on either side, and provided that no license would

be granted until such permission was obtained; and. inasmuch as the pleadings of the municipal officials alleged that the applicant for mandamus had not procured the written permission of landowners and tenants nearest the place on either side of that where the billiard room was to be operated; and inasmuch as, further, all of the petition of the intervenors, except so much as related to their rights as property owners, was stricken from the intervention, no such harm was done to the applicant by the allowance of the so-called intervention as will require a reversal of the judgment.

3. The room in which the proposed business was to be carried on was 25 feet in width and less than 100 feet in length, and the business was to be conducted in a space 10 feet wide, and narrow strips of the room on each side of this 10-ft. space were rented to other alleged tenants, as was also a space in the rear of the proposed billiard room, and the consent of these alleged tenants and of the owner of the building to the operation of the billiard room had been procured; and it was contended that this, together with the tender of the sum of $200 in money, which was the amount payable under the statute for a license, entitled the applicant to have a license issued to him. *Held*, that, under the evidence, the court, apparently trying the case without a jury, was authorized to find that the cutting off of narrow strips of space in the building on both sides of the space to be devoted to the billiard business was a mere colorable scheme, and that the alleged tenants of the narrow strips of space cut off from the room were not bona fide tenants, they not having actually taken possession of the space so set apart, but that their alleged tenancy was a part of the colorable scheme for getting the apparent consent of the tenants and landowners as prescribed in the ordinance; and therefore the court did not err in refusing the application for mandamus.

> *Judgment affirmed. All the Justices concur.*
> OCTOBER 3, 1914.

Petition for mandamus. Before Judge Wright. Floyd superior court. July 10, 1913.

*John W. Bale* and *Eubanks & Mebane,* for plaintiff.
*Max Meyerhardt* and *Maddox & Doyal,* for defendants.