STATE, *ex rel.* J. F. TAYLOR, v. CITY OF TALLAHASSEE, and BEN BRIDGES, City Clerk.

177 So. 719.

Division A.

Opinion Filed December 21, 1937.

*B. K. Roberts* and *H. H. Wells, Waller & Meginniss* and *Julius F. Parker,* for Relator;

*W. J. Oven* and *W. J. Oven, Jr.,* and *James Messer, Jr.,* for Respondents.

TERRELL, J.—On petition of Relator, this Court granted its alternative writ of mandamus directed to the City of Tallahassee and its Clerk commanding them to issue him (Relator) a license to operate a pool and billiard room in a certain building located and fronting on Monroe Street, adjacent to the Ritz Theater in said City or to show cause why they refuse to do so. The alternative writ was later amended and the respondents moved to quash because of failure to comply with the pertinent ordinance of the City in making application for a license to operate a pool or billiard room.

The motion to quash challenges the validity of Ordinance 559 of the City of Tallahasse, under which licenses to operate pool and billiard rooms are issued on the ground that it is violative of both the State and Federal Constitution and that it shows no legal right on the part of Relator to the issuance of the license sought.

The pertinent part of the Ordinance is as follows:

"No license shall be issued for a pool and billiard room unless the applicant therefor first files a petition with the City Commission, which petition shall be signed by not less than one hundred citizens of the City of Tallahassee consenting to such license who are taxpayers, as shown by the assessment rolls of said City, and who are acceptable to the City Commission, and such petition shall include, among its number of signers, the owners of sixty per cent. of the property according to front feet fronting on the street, avenue, or thoroughfare in the block where such pool and billiard room is to be located, and also on the blocks adjoining thereto on the north and south and/or on the east and west of said block, nor shall such license be issued unless the applicant therefor is a person of good moral character and otherwise, in the opinion of the City Commission, a suitable and proper person to orderly conduct and operate such pool or billiard room."

Relator filed his application for license to operate a pool and billiard room as heretofore stated, but did not have attached thereto the names of property owners fronting on Monroe Street as required by the ordinance. The City declined to issue the license for failure to comply with the terms of the ordinance in making his application.

There is no question about the power of the City of Tallahassee to regulate and require operators of pool and billiard rooms to procure a license. Section 2981, Compiled General Laws of 1927, Section 1871, Revised General Stat-

utes of 1927, Section Seven, Chapter 8374, Acts of 1919, as amended by Chapter 13437, Acts of 1927, being the City Charter of the City of Tallahassee. See particularly Sections 17, 136, 138, and Section 139 of the last cited Act.

Relator does not challenge the power of the City to regulate the licensing of pool and billiard rooms, but he contends that when the ordinance requires him to have his application approved by the owners of sixty per cent. of the property according to front feet fronting on the street in the block where the pool room was to be located and also on the blocks adjoining thereto on the north and south and on the east and west, it amounted to an unlawful delegation of legislative power.

It is settled law that the legislative body of a city cannot delegate its function to legislate. This involves the exercise of discretion as to the content of the law, its policy, or what it shall be, but it is equally as well settled that when a law is made, its execution may be made to depend on a condition precedent, that is to say, on a vote of a certain portion of the people or on approval of the lot owners in a given area. The Legislature can also make a law and incorporate in it a state of facts on which its execution depends, but its execution cannot be made to depend on the unbridled discretion of a single individual or an unduly limited group of individuals. State, *ex rel.* McLeod, v. Harvey, 125 Fla. 742, 170 So. 153; State, *ex rel.* Dickason, v. Harris, 158 La. 974; 105 So. 33; Building Inspector of Lowell v. Stoklosa, 250 Mass. 52, 145 N. E. 262; City of Chicago v. Stratton, 162 Ill. 494, 44 N. E. 853; Thomas Cusack Co. v. Chicago, 242 U. S. 526; 37 Sup. Ct. 190, 61 L. Ed. 472; *Ex Parte* Christensen, 85 Calif. 208; 24 Pac. 747; Trammell v. Yancey, 142 Ga. 553; 83 S. E. 114; State, *ex rel.* Reedhead, v. City of Olympia, 122 Wash. 239,

210 Pac. 371; Goytino v. McAleer, 4 Calif. A. 665, 88 Pac. 991.

To support his contention, Relator relies on Mayor & Alderman, of Wetumpka, v. Wetumpka Wharf Company, 63 Ala. 611; May v. People, 1 Co. A. 158, 27 Pac. 1010; Cook v. Johnston, 58 Mich. 437, 25 N. W. 388; Taylor v. Lake Shore & Mich. S. R. Cop., 45 Mich. 74, 7 N. W. 728, and like cases. These cases have been examined and we do not find them opposed to the rule as above stated. They regulate businesses or occupations generally considered essential to the social and economic life of the community which are governed by different rules than those imposed on pool and billiard rooms, bar rooms, and such like businesses which, while technically legalized, are not essential to and have been pronounced by some as deleterious to the health and morals of the public.

It is also contended by Relator that the ordinance being one adopted by the City in the exercise of the police power vested in it to protect the general health, safety, and welfare of the municipality, it should be stricken down if found to be arbitrary, unreasonable, or oppressive. Respondents contend on the other hand that this rule does not apply where an ordinance is enacted as a police regulation pursuant to specific authorization by the Legislature. The authorities recognize this distinction. *In re* Anderson, 69 Neb. 686, 96 N. W. 149; City of Butte v. Paltrovich, 30 Mont. 18, 75 Pac. 521, 6 R. C. L. 244.

In our view, the ordinance brought in question does not come within the exception contended for by respondents and must therefore be determined by its practical operation and effect on the Relator. Even if it came within the exception contended for, there are limitations beyond which legislative action cannot transcend and if done, they are subject to judicial review.

In our view, that part of the ordinance requiring that the application for license to operate a pool or billiard room be approved by the "owners of sixty per cent of the property according to front feet fronting on the street, avenue, or thoroughfare in the block where such pool and billiard room is to be located and also on the blocks adjoining thereto on the North and South and/or on the East and West of said block" is bad for indefiniteness. The, lot on which Relator proposes to operate the pool room fronts on Monroe Street and is described by metes and bounds in Relator's petition. It is clear that ·sixty per cent. of the owners in the block where said lot is located who front on Monroe Street must approve the application, but as to the blocks North, South, East, and West, it is impossible to tell whether the entire ownership or only those fronting on Monroe Street must approve it. The block West does not touch Monroe Street, so if none but owners fronting thereon are required to approve the application, the requirement as to owners in this block is impossible. The adjacent block on the North is a public park and belongs to the City. It is therefore not possible to comply with the ordinance as to it.

The ordinance is arbitrary as to Relator in that there is ·shown to be a pool room in operation on the opposite side of the Street, which was there when it (ordinance) was adopted, but which so far as the record discloses, the City does not propose to enforce the terms of the ordinance on, but proposes to permit it to continue to operate without the approval of the property owners. The mere fact that it was in the field first does not immunize it to regulation or to less rigid regulation than those later applying to do so.

Under the facts presented, the ordinance is in other respects potentially arbitrary and oppressive, but the facts presented are not such as to warrant further discussion of

its terms. The motion to quash the alternative writ is accordingly denied.

It is so ordered. ·

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.