THOMAS, Justice.
The appellant secured from the county judge of Dade County a license to operate a tax collection agency and furnished a bond as required by law. Chapter 197, Florida Statutes 1951, and F.S.A. He then applied to the tax collector of the county for an auto tag agency permit as required by Chapter 28471, Laws of Florida, Acts of 1953. The appellee, tax collector, declined to issue the permit because he had previously designated one of such agencies for each 50,000 persons or major fraction thereof, as authorized by the act and was therefore, in his opinion, powerless to grant appellant’s request.
The history of legislation relative to tax collection and auto tag agencies may prove valuable as a background for the question now presented for our determination.
Before the effective date of Chapter 24024, Laws of Florida, Acts of 1947, so the appellant contends, a person qualified to operate a tax collection agency (under Chapter 197, supra) could handle applications for motor vehicle licenses. This act was declared unconstitutional in the circuit court for the Eleventh Judicial Circuit and no appeal was taken from the decision. Then Chapter 26745, Laws of Florida, Acts of 1951, was enacted and this law was repealed and superseded by Chapter 28471, supra, the law with which we are now dealing. This act contains the provision, to which we have already referred, authorizing the creation by the tax collector of one “branch office of the County Auto Tag Agency for each 50,000 population, or major fraction thereof, * *
The legislature took pains to specify the conditions of the appointments, aside from the matter of population, and the qualifications of the appointees. The locations of the agencies were to be such as in the, judgment of the collector would “best serve the public interest”; the appointees selected to operate the branch offices were required to be competent and experienced; the tax collector was not only “empowered” but also commanded to cause each “applicant” to undergo a written examination in order that his fitness, experience and qualifications could be determined. In this written examination an applicant is required “to give character and employment or business references” and to state if he has been “charged or convicted of any legal offense”; and he must disclose “the nature and extent of his business or professional experience” particularly in respect of positions of trust and “handling of funds.”
In the act the tax collector is enjoined carefully to examine the replies, and if-he finds that the applicant possesses the character, experience and general qualification, he may appoint the applicant to the place.
Preference is required to be given those who were operating prior to 3 January 1953 under Chapter 26745, supra.
By the present act, no “license” can be issued to any “such Auto Tag Agency” until the judge has approved the bond of the agency in the sum of $25,000 conditioned as prescribed in the law.
*674 The act contains further provisions with reference to operation of the agencies, charges for services, penalties for "misconduct, and so on, which it does not seem necessary to detail.
The act is comprehensive, sets up a system of delivering auto tags, collecting the money for them, safeguarding the public funds; and performing a service in the public interest
The appellant claims that by the relatively simple procedure outlined in Sec. 197.03, Florida Statutes 1955, F.S.A., he should be allowed to handle auto tags as if Chapter 28471, supra, had not been passed and he contends he should have that privilege because the act is unconstitutional.
■ We encounter an obstacle to a decision of the constitutionality of the act. A1--though the complaint contained a direct assault on the law and the question was presented by both parties in the chancery court when = the motion to dismiss was argued, and although the issue was developed in the briefs here without, any objection from the appellees, it appears that the chancellor did not determine the question. He disposed of the litigation by holding that “no right of the plaintiff [was] enfringed [sic] upon so he [was] in no position to raise the question of constitutionality.” He thought no member of the public had the right to collect taxes and that the appellant could not complain.
■The appellant insists, in effect, that but for the provisions of Chapter 28471, supra, he could, as was originally the case, qualify as a tax collection agent under Sec. 197.03, supra, and upon qualifying could handle motor vehicle applications along with other taxes of his customers. Incidentally the business authorized by this section is termed a “tax collection agency” but immediately following that title is a reference to the agency as one proposing “to pay taxes for others * * *.” So formerly, according to the allegations of the complaint, one qualifying to pay taxes as the agent for others could deal not only with taxes on real and personal property but with license taxes on motor vehicles as well. This item was eliminated by the law in question and the appellant sought by his complaint to determine whether it had been excluded by a valid enactment of the legislature.
We think appellant showed a sufficient interest to enter court and test the validity of the law. The business in which he is engaged is one recognized by law and to conduct it he must receive a license and furnish bond. The application for such a license may be denied, or having been issued may be revoked. When thus authorized the licensee may pay taxes as the agent for other persons. The elimination of one kind of taxes from appellant’s sphere of operation, an item which he seems formerly to have handled under license of the State, puts him-in position to challenge the enactment.
We refrain from now passing upon the validity of the act and reverse the decree with directions to the chancellor to determine the constitutionality of Chapter 28471, supra.
Reversed.
DREW, C. J., and TERRELL, HOB-SON, ROBERTS, THORNAL and O’CONNELL, JJ., concur.