PIERCE, Chief Judge.
This is an appeal by defendant City of Naples from a final judgment for appel-lees-plaintiffs Miller in an action brought by the Millers and the appellees Danser for a declaratory decree adjudicating the rights of the parties and clarifying whether or not Ordinance 1255 effectively closed Second Avenue in the City of Naples. The Dansers cross-assigned as error the entry of the judgment against them.
On November 16, 1966, upon the petition of the Dansers, the Naples City Council voted on a written Ordinance, but instructed the city attorney to make certain changes before its final approval. On December 7, 1966, the members of the City Council, without a vote-signed the amended ordinance not in open Council meeting. Ordinance 1255 ordained that Second Avenue between 8th and 9th Streets and certain alleys adjacent thereto be vacated and abandoned, but “that said vacation and abandonment of the above described avenue and alleyways shall not take effect until following conditions are fulfilled:
1. A building permit be applied for;
2. Construction of the expanded motel in reasonable compliance with the drawings submitted, be commenced not later than two years from this date; and
3. The necessary utility re-locations be accomplished at the expense of the applicant and with the approval of the City Manager.”
Shortly after the ordinance was voted upon a temporary injunction was served on the Naples City Council restraining them from vacating the Avenue and alleyways in question. The City of Naples defended that suit on the basis that the streets involved had never been open and after due consideration and public hearings the governing body of the City vacated said easements in the best interests of the public. On December 10, 1966, the trial court entered a directed verdict for the City, annulled the restraining order, and dismissed the cause with prejudice, thereby upholding *610 the validity of the action of the City in passing Ordinance 1255.
The conditions of the ordinance were not fulfilled within the required time limit and on January 15, 1969, the City Council directed that the abutting property owners be notified that the alleys and Avenue in question were not vacated or abandoned by the City and that the City would maintain and exercise its jurisdiction and domain over these rights-of-way.
Upon final hearing the trial court entered its final judgment adjudging, inter alia:
“1. That Ordinance No. 1255 of the City of Naples is a valid and binding Ordinance; this Court being bound by its decision in the prior case on this matter under the doctrine of stare decisis and res ajudicata; and the CITY being estopped to challenge its previously held position on the validity of this Ordinance.
2. That said Ordinance effectively vacated the public lands covered in said Ordinance.
,3. That the Plaintiffs DANSER covenanted with the City that upon such vacation of lands certain improvements would be placed upon such lands within a determinable time. That such covenant by DANSER was a condition subsequent to their acquiring the benefits accruing to them by such vacation. Plaintiffs DANSER did not abide by such covenants and the condition subsequent failed.
4. That Plaintiffs MILLER made no covenant with the City and no conditions subsequent attached to their benefits accruing to such lands from such vacation.
5. That by breach of such covenant and failure of the condition subsequent Plaintiffs DANSER forfeited any and all rights, interests or benefits accruing to them by virtue of such Ordinance.
6. That title to such lands herein involved accruing to Plaintiffs MILLER should be and hereby is quieted, confirmed and ratified.
7. That title to such lands involved previously accruing to Plaintiffs DANSER should be and the same hereby is forfeited, annulled and voided and same reverts by virtue of this Judgment to the Defendant CITY OF NAPLES”.
We reject the City’s contention that the ordinance is invalid in toto, and affirm the trial Court’s judgment that the ordinance effectively vacated the public lands covered in said ordinance.
All parties concede that the conditions contained in the ordinance are invalid because they are so vague that their precise meaning cannot be determined. A municipal ordinance should be clear, definite and certain in its terms and is invalid if it is so vague that its precise meaning cannot be ascertained. If the effectiveness of the ordinance is conditioned upon the necessity for the subsequent execution of a contract with private parties it cannot be held to provide the degree of clarity and certainty required of municipal legislation. State ex rel. Taylor v. City of Tallahassee, 1937, 130 Fla. 418, 177 So. 719; Hartnett v. Austin, Fla.1956, 93 So.2d 86; 23 Fla. Jur., Municipal Corporations, § 91; 17 F. L.P., Municipal Corporations, § 193.
The Dansers contend, however, that if a condition in an ordinance is found to be invalid it does not invalidate the remaining portions which are severable, unless this would lead to absurd results.
In Cramp v. Board of Public Instruction of Orange County, Fla.1962, 137 So.2d 828, 830, our Supreme Court said:
“The rule is well established that the unconstitutionality of a portion of a statute will not necessarily condemn the entire act. When a part of a statute is de- *611 dared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken”.
See Dade County v. Keyes, Fla.App.1962, 141 So.2d 819; 17 F.L.P., Municipal Corporations, § 195; 23 Fla.Jur., Municipal Corporations, § 95.
In the case sub judice the City Council had consulted with public officers, considered the general welfare of the citizens of Naples, and determined that it would be in the best interest of the City and its citizens to vacate and abandon the said Avenue and the adjoining alleys. The conditions contained in the ordinance can be separated from the valid part of the ordinance vacating the streets and are not so connected with or essential to the completeness of the valid provisions that the legislative purpose expressed in the valid provisions cannot be accomplished independently. Cramp, supra; Keyes, supra; Lysaght v. City of New Smyrna Beach, Fla.1964, 159 So.2d 869.
The judgment of the lower court is affirmed in part and reversed in part, and the cause is remanded for the entry of a judgment upholding the portion of the ordinance vacating the Avenue and adjacent alleys, and striking the invalid conditions contained therein. The judgment for the Millers is affirmed, and the judgment against the Dansers is reversed.
Affirmed in part and reversed in part.
LILES and McNULTY, JJ., concur.