## 29690. POWELL v. BOARD OF COMMISSIONERS OF ROADS & REVENUES OF GWINNETT COUNTY.

GUNTER, Justice.

This is an appeal from a judgment that dismissed a complaint which sought to compel the issuance of a license to sell beer and wine in a restaurant.

The appellant filed his complaint in the trial court and alleged that he had made application to the appellee for a beer and wine license to be used at his place of business located in an unincorporated area of Gwinnett County; that he had been denied the license on the basis of Sec. XIII of an ordinance which reads: "No license shall be issued where an entrance to a place of business for the retail or wholesale of beer and wine is located within 1,700 feet from the entrance or main structure of any school or any church"; that he was otherwise qualified for the license; that the ordinance was unreasonable and arbitrary; and that the ordinance denied him "the equal protection of the laws and due process of law, contrary to

the Constitution of the State of Georgia and the Constitution of the United States of America." The complaint then prayed that the ordinance be declared void and that the appellee be required to issue appellant a license for the sale of beer and wine at retail.

Appellee answered the complaint, admitting only that appellant had made application for a license, that the license had been denied on the basis of the ordinance attacked by the appellant, and that the complaint correctly stated the contents of the ordinance. Appellee denied all of the other allegations in the complaint and specifically denied that appellant was otherwise qualified for a license. Appellee prayed that the complaint be dismissed.

After a hearing, the trial court ruled that the ordinance was constitutional and reasonable and dismissed the complaint, and the appellant has appealed from the judgment of dismissal.

The appellant enumerates three errors, but he says in his brief: "The sole issues, raised on this appeal, are whether Sec. XIII of said ordinance is invalid as being a special law in contravention of a general law, and whether said section is invalid as being unreasonable."

The hearing before the trial judge was not reported, and therefore there is no transcript of that hearing in the record; the pleadings do not indicate the distance of the restaurant from a school or a church; but the brief of the appellees filed in this court says: "The applicant's restaurant was less than 1,700 feet from the nearest church."

Appellant's contention is that the 1,700 foot restriction in the ordinance is in conflict with Code Ann. § 58-724.1, a general law. That statutory provision says: "It shall be illegal for any person to sell either beer or wine at a place within one hundred yards of any school or schoolhouse in this state." Appellant's argument is that this general statute, enacted by the legislature, has withdrawn from local governments the power to regulate the sale of beer and wine insofar as distance from a school is concerned. His contention is that the regulatory ordinance is in conflict with the general statute, and that the ordinance must therefore fall because the Georgia

Constitution (Code Ann. § 2-401) says: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

We are urged to hold the ordinance unconstitutional as being in conflict with the general statute.

First, we find no general statute that establishes regulatory distances for the sale of beer and wine with respect to churches. Therefore, that part of the ordinance relating to churches is not in conflict with any general law.

Second, Code Ann. § 58-724.1 establishes only a "minimum distance" for the retail sale of wine and beer from a school or schoolhouse. We do not interpret this statutory restriction to mean that a local governing authority cannot establish, pursuant to its police power authority, a distance restriction that is greater than three hundred feet. We therefore hold that the ordinance is not unconstitutional.

Appellant's other contention is that the ordinance is invalid as being unreasonable. In *Barr v. City Council of Augusta,* 206 Ga. 753(4) (58 SE2d 823) (1950), this court said: "The question of whether or not an ordinance is reasonable is one of law for the court [Cits.]." Also, in *Hart v. Columbus,* 125 Ga. App. 625 (184 SE2d 422) (1972), the test of the "reasonableness" of an ordinance is treated in some detail.

We make reference to these two cases because we are asked to hold here that the ordinance attacked is unreasonable on its face. There is no factual attack on the ground of unreasonableness contained in this record, and we cannot hold that this ordinance is unreasonable as a matter of law.

*Judgment affirmed. All the Justices concur.*

Submitted January 13, 1975 — Decided April 17, 1975.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Stark, Stark & Henderson,* for appellee.