32938. BOZIK et al. v. COBB COUNTY et al.

PER CURIAM.

Cobb County's governing authority published its ordinance pertaining to the sale of liquor, wine and beer on August 14, 1973. Section 9 provides, "No license hereunder shall be issued to any location which is within a three hundred (300) feet [sic] radius of a property line of a private residence, if such resident shall appear at the hearing on applicant's license and object to the issuance of the license. This section shall not apply to residences located within commercial zones."

Appellant Bozik, an employee of the Tenneco Oil Company, applied for beer and wine licenses for two separate Tenneco Mini-Mart convenience stores in Cobb County. It is undisputed that the applications were in proper form and that a hearing was conducted pursuant to the required advertisement. Bozik's licenses were denied, however, solely because residents within 300 feet of both locations objected to the licenses' issuing. Bozik then

sought to compel the Cobb County Board of Commissioners to exercise its discretion regarding the licenses by declaratory judgment and mandamus on the grounds that his property rights had been denied without due process of law and that the commissioners' refusal to issue the licenses constituted a denial of equal protection. The trial court denied relief and Bozik appeals. We reverse.

In *City of Atlanta v. Hill,* 238 Ga. 413, 414 (233 SE2d 193) (1977), we held that "when an applicant for such a license has met the prescribed standards for obtaining it, a refusal by the municipal authorities to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus in state court." We are now called upon to decide if the issuing body may delegate that authority to citizens residing within 300 feet of the applicant's location. We hold that such an arbitrary delegation constitutes a gross abuse of discretion by the county commissioners and as such denies the applicant due process of law. See *McGinty v. Gormley,* 181 Ga. 644 (183 SE 804) (1935). Although the citizens may voice their objections, the commissioners as local elected officials must exercise the authority vested in them by the General Assembly to determine whether Bozik is entitled to the licenses under the rules and regulations set out in the ordinances. They may not abdicate that responsibility to others. Further, the denial of the license on such arbitrary grounds constitutes a violation of equal protection, and mandamus will lie. *City of Atlanta v. Hill,* supra; Eubank v. Richmond, 226 U. S. 137 (1912).

Therefore, this case must be reversed and remanded to the trial court, to issue a mandamus to the county commissioners to entertain appellants' applications for licenses without regard to section 9.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Jordan, J., who dissent. Bowles, J., disqualified.*

Argued November 16, 1977 — Decided January 19, 1978.

*Garcia & Kennedy, Reid G. Kennedy,* for appellants.

*Awtrey, Parker, Risse, Mangerie & Brantley, Toby B. Prodgers,* for appellees.

HILL, Justice, concurring.

A property owner's use of his property may be regulated by the government's exercise of the police power, but not by a neighbor whose veto may be cast out of spite rather than for the public welfare. Just as *City of Atlanta v. Hill,* 238 Ga. 413, supra, precludes the governing authority from an irrational denial of a beverage permit when all other requirements are met, so should the principle of that case preclude the governing authority from allowing a private citizen an irrational denial of a beverage permit when all other requirements are met. See California v. LaRue, 409 U. S. 109 (1972).

UNDERCOFLER, Presiding Justice, dissenting.

It is undisputed that the commissioners under their police power may in the exercise of their discretion formulate rules and regulations for the licensing of the liquor business. California v. LaRue, 409 U. S. 109 (1972). It is also clear that the commissioners may altogether prohibit the licensed activity in specified areas and impose other reasonable restrictions. E. g., *Powell v. Board of Commissioners,* 234 Ga. 183 (214 SE2d 905) (1975) (no beer licenses issued within 1,700 feet of a church); Sandbach v. City of Valdosta, 526 F2d 1259 (5th Cir. 1976) (prohibiting beer licenses to premises within 200 feet of a church). Yet the majority today decides that if the commissioners choose, rather than to prohibit completely the sale of liquor licenses in a residential area, to allow the license unless a neighbor objects, they have unconstitutionally abdicated their authority. If it is not arbitrary and an abuse of discretion to prohibit the license altogether, how is it arbitrary and a gross abuse of discretion of constitutional proportions to decide to issue the license in a residential neighborhood unless those residents object? The commissioners have the authority to promulgate reasonable regulations. None of this power has been abdicated to others. Nonobjection by neighbors is merely one of the standards which must be met by the

applicant in order to obtain a license.[1] I would hold section 9 of the Cobb County liquor, beer and wine ordinance constitutional.

I am authorized to state that Justice Jordan joins in this dissent.

---

[1] Similar ordinances have been approved in the past. *Trammell v. Yancey,* 142 Ga. 553 (83 SE 114) (1914) (no billiard license without permission of neighboring landlords and tenants); *Whitten v. Mayor &c. of Covington,* 43 Ga. 421 (1871) (permission of nearest neighbors to obtain a liquor license); Crowley v. Christensen, 137 U. S. 86 (1890) (permission of 12 citizens on the block where liquor sales are to be carried on); 45 AmJur2d 533, Intoxicating Liquors, § 156; 101 CJS 751, Zoning, § 43. The rationale is that the activity is forbidden unless waived by those persons most affected by the licenses' issuance.