MELVIN, Judge.
Appellant-plaintiff, hereinafter referred to as the Association, brings its appeal from a final judgment wherein it was ordered and adjudged that protective covenants and restrictions adopted by the Oka-loosa Island Authority, as the duly authorized agent of Okaloosa County, Florida, were rendered vulnerable to amendment or revision by the Board of County Commissioners of Okaloosa County, pursuant to the provisions of Chapter 75-456, Laws of Florida. This statute abolished the Okaloosa Island Authority and transferred all of its assets and responsibilities to the’Board of County Commissioners of Okaloosa County.
Section 4(1) of Chapter 75-456 provides: “All valid, existing restrictive covenants, easements, and zoning, previously established by the Authority shall remain in full force and effect unless and until they are amended by the County Commissioners in the manner provided by law. All land on the Island previously subject to the jurisdiction of the Authority shall be subject to regulation, zoning and other authority of Okaloosa County, in the same way as any other land in Okaloosa County outside municipalities, and in addition shall be subject to the powers of the County Commissioners granted by this act.”
The Association brought its petition seeking a determination of the rights of the individual leaseholder members as to the authority of the Board of County Commissioners to bring about modification, alterations or to anywise amend the protective covenants and restrictions.
Part G, paragraph 8 of the covenants and restrictions document provides:
“The Authority expressly reserves the right to classify and re-classify from time to time areas for zoning purposes and to prescribe, amend or revoke regulations and restrictions applicable to such áreas and buildings and structures thereon and the use thereof, but no classification, regulations or restrictions shall apply to any portion of the Island then under lease without the consent of the lessee thereof.
******
“The Authority, notwithstanding the terms and provisions contained in this instrument, hereby expressly reserves the right, in its absolute discretion, at any time to annul, waive, change or modify any of the covenants and restrictions herein contained as to any lot, parcel or part of said Island not then under lease and, with the written consent of the majority in number of the lessees of the lots in any area designated by the Authority, as to the lots or parcels in such designated area.”
The trial court ruled:
“1. The Protective Covenants and Restrictions, adopted by the Okaloosa Island Authority and in effect on the date that Chapter 75-456, Laws of Florida, became effective as a Law of the State of Florida, is hereby determined to be the zoning ordinance regulating and restricting the weight, size, type of construction, location, and use of buildings and other structures on that portion of Santa Rosa Island under the jurisdiction of the Board of County Commissioners of Okaloosa County, Florida.
“2. The authority of the said Board to amend, modify, alter, repeal or otherwise change said zoning ordinance, or any provision thereof, shall be in the same manner as any other zoning ordinance adopted by the said Board and in the same manner as provided therein, in accordance with the laws of the State of Florida.
*103 “3. So much of the said Protective Covenants and Restrictions as formerly required consent of a portion of the lessees of said island prior to action of said Authority becoming effective thereto, shall no longer be in effect, so far as the Board of County Commissioners are concerned, inasmuch as such requirement would be tantamount to an unlawful delegation of authority. It "must be assumed that the Legislature of the State of Florida, by enacting Chapter 75-456, did not intend to make such an unlawful delegation and, therefore, impliedly revoked such prior provision.”
Where a duly authorized agency of the Government in negotiations with a citizen for the leasing of property lawfully enters into a covenant or restriction and provides that such covenant or restriction may be modified only in a certain manner, the Government is bound to honor its contract.
In dealing with its citizenry, the Government is required to adhere to the same strict rule of rectitude of conduct and the turning of the same square corner as the Government requires of its citizens. See Daniell v. Sherrill, 48 So.2d 736 at 739 (Fla.1950). Just as one by deep deliberation may not add “one cubit unto his stature”, Matt. 6:27 (King James version), even so, the Government through the convenient process of legislative enactment may not render ineffective by “one jot or one tittle”, Matt. 5:19 (King James version), its solemn covenant with its citizenry.
The provision in the protective covenant whereby the consent of a portion of the leaseholders in a designated area is required before a change could be made does not constitute an unlawful delegation of authority. See State v. City of Tallahassee, 130 Fla. 418, 177 So. 719 at 721 (1937).
We presume it to have been within the knowledge of the legislature in the enactment of Chapter 75-456 that valid provisions of a valid contract executed by an agency of the Government cannot be modified or erased by the authority of such legislation.
In summary, as to such restrictive covenants, we hold that Chapter 75 — 456 did not place in the Board of County Commissioners any greater authority than that previously held by the Island Authority of Oka-loosa County.
The final judgment appealed from is reversed with directions to enter a final judgment in accord with the views that are herein expressed.
SMITH, Acting C. J., and BOOTH, J., concur.