33938. LEVENDIS v. COBB COUNTY et al.

JORDAN, Justice.

Appellant's application for a beer, wine and liquor license was denied. He then filed a petition for mandamus and declaratory judgment seeking to declare portions of Cobb County's licensing ordinances unconstitutional, or, in the alternative, finding that they were applied arbitrarily and capriciously in his case, and ordering that the Board of Commissioners issue him the requested license. After a hearing, the trial court held that the Board of Commissioners had exercised discretion given them under a valid ordinance.

1. On appeal to this court, appellant first argues that Section 3-4-35 (1) of the Cobb County ordinances is so vague and overbroad as to set no guidelines for its

application, and is, therefore, unconstitutional. Section 3-4-35 (1) provides in pertinent part: "The Board of Commissioners may in its discretion, issue or deny any license...where there is evidence that, even though there is compliance with the minimum distances from schools and churches, the type and number of schools or number of churches in the vicinity causes minors to frequent the immediate area."

Relying heavily upon the decision in Atlanta Bowling Center v. Allen, 389 F2d 713 (5th Cir. 1969), the trial court held in its conclusions of law that a statute is not violative of equal protection or due process simply because it provides for the exercise of discretion by the local governing body if that discretion is controlled by standards in the ordinance. By comparing the Cobb County ordinance with the ordinances reviewed in Atlanta Bowling Center v. Allen, supra, the trial court found that the ordinance in question provided sufficient objective standards to control the discretion of the governing authority and sufficient notice to applicants of the criteria reviewed before issuance of a license.

Appellant argues that a contrary holding in this case was demanded by the recent decisions of this court in *City of Atlanta v. Hill,* 238 Ga. 413 (233 SE2d 193) (1973), and *Bozik v. Cobb County,* 240 Ga. 537 (242 SE2d 48) (1978). In *City of Atlanta,* supra, we held that the refusal by a municipality to grant an alcoholic beverage license to an applicant who meets the requirements of the city's ordinances is subject to the writ of mandamus. *Bozik,* supra, which reviewed other sections of Cobb County's license ordinances, held that a local governing authority could not delegate its discretionary authority to determine whether an applicant was entitled to a license under the rules and regulations in the ordinances. While these decisions generally stand for the proposition that ordinances resulting in the arbitrary denial of license applications are not to be considered constitutional, neither *City of Atlanta,* supra, nor *Bozik,* supra, should be interpreted as removing all discretion from local governing authorities in the issuance of retail liquor licenses.

A state has broad power under the Twenty-First

Amendment to specify times, places and circumstances where liquor may be sold. California v. LaRue, 409 U. S. 109 (1972). Constitutional standards of due process do require that a governing body issuing licenses establish "ascertainable standards . . . by which an applicant can intelligently seek to qualify . . ." Hornsby v. Allen, 326 F2d 605 (5th Cir. 1964). The question before this court is whether this ordinance in question is drawn with sufficient specificity to apprise an applicant of common intelligence of the standards which he should anticipate the governing body will consider.

On examination of this ordinance and a comparison with the ordinances found constitutionally permissible in Atlanta Bowling Center v. Allen, supra, we affirm the trial court's holding that this ordinance provides sufficient objective standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license.

2. Appellant's remaining enumerations, that the trial court erred in failing to grant a writ of mandamus to compel the Cobb County Board of Commissioners to grant his requested license and that appellant has been deprived of due process by the arbitrary and capricious denial of his application, can be consolidated in a review of whether the evidence is sufficient to support the judgment of the trial court.

Sec. 3-4-35 requires that there must be evidence that the "type and number of schools and number of churches in the vicinity cause minors to frequent the area." The trial court received uncontradicted evidence that public schools were located on either side of the immediate vicinity of appellant's proposed location, that this location was at the center of a cluster of churches, that a public library and large public park were within one-half mile of appellant's location and, that because of these facilities, teenagers congregated within this area. This evidence is basically identical to that evidence initially presented before the Board of Commissioners. We find this evidence sufficient to support the trial court's judgment that the Cobb County Board of Commissioners acted within its discretionary authority in denying appellant's license application.

*Judgment affirmed. All the Justices concur.*

Submitted August 18, 1978 — Decided
November 22, 1978.

*J. Timothy Lawler,* for appellant.
*Jimmy W. Jones, Grant Brantley,* for appellees.