## 42968. MULLINS v. DeKALB COUNTY.
(339 SE2d 258)

CLARKE, Justice.

Appellant, a clerk in a package store, was found guilty of violation of DeKalb County ordinance § 7-2020, which provides: "It shall be a violation not to require and properly check identification to ensure an underage person is not sold, served, or has in his possession alcoholic beverages while in a licensed establishment." The Recorder's Court of DeKalb County interpreted this ordinance as requiring that a seller check identification for all persons purchasing liquor. The court, noting that appellant was not charged with selling alcohol to a minor, found no evidence that she had sold to a minor.

Appellant enumerates three grounds of attack on the conviction. She argues that the ordinance is a special law in conflict with state law, the ordinance is constitutionally vague and overbroad, and the court erred in finding that the ordinance requires an identification check for all purchasers.

1. We deal first with the question of whether the conviction must be reversed because of an incorrect interpretation of the ordinance. We conclude that the clear intent of the county commission in enacting this ordinance was to prevent the sale of alcohol to minors. This is to be accomplished by requiring that purchasers present identification. Therefore, the seller who has not sought identification will not be heard to assert that he had no knowledge that a purchaser was underage. This does not mean that the seller must obtain identification from every purchaser of whatever age. Failure to obtain identification from a person who is not a minor is not a violation of the ordinance. To hold otherwise would in no way further the purpose of the ordinance. However, failure to obtain such identification from a minor is a violation. The court here specifically found that there was no evidence that appellant sold alcohol to a minor. Therefore, her failure to check the identification of the purchaser was not a violation of the ordinance.

2. We have examined the constitutional argument and find that the ordinance is not a special law in violation of general state law. The county has broad power to regulate the sale of alcohol. Even if the ordinance were construed to require an identification check on all purchasers, this would not constitute unconstitutional special legislation. *Powell v. Bd. of Commrs. of Gwinnett County*, 234 Ga. 183 (214 SE2d 905) (1975). Cf. *Kariuki v. DeKalb County*, 253 Ga. 713 (324 SE2d 450) (1985).

3. "A statute is not void for vagueness if it informs as to what the State commands or forbids, and is drawn so that men of common intelligence need not be forced to guess at its meaning." *Kelley v. State*, 252 Ga. 208, 209 (312 SE2d 328) (1984); *Monroe v. State*, 250 Ga. 30

(295 SE2d 512) (1982). The proscribed conduct here is failing to require identification of a minor purchasing liquor. The ordinance in no way constitutes a trap for the unwary because no person of common intelligence could construe it as not requiring that the identification of minors be checked.

Because appellant did not violate the DeKalb County ordinance § 7-2020, her conviction must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*Troutman, Sanders, Lockerman & Ashmore, Alan E. Lubel,* for appellant.

*Albert Sidney Johnson, Wade H. Watson III,* for appellee.