SCHEB, Acting Chief Judge.
We agree with the appellants. The tourist development tax proposed by Collier County (County) and approved by a majority of its electors is invalid because the County failed to comply with the necessary statutory prerequisites.
In June 1988 the County, through its Board of County Commissioners, enacted Ordinance 88-58 which established the Collier County Tourist Development Council (TDC). The County designed this ordinance to comply with the requirements of section 125.0104, Florida Statutes (1987), Local Option Tourist Development Act, to enable the County to enact a tourist development tax. The ordinance contained a provision from the enabling act which required that the TDC “shall prepare and submit to the Board of County Commissioners for its approval a plan for tourist development.” The ordinance required that the plan encompass the specifics enumerated in section 125.0104(4)(c).
Shortly thereafter, the County adopted a resolution establishing and appointing members to the TDC as required by its ordinance and section 125.0104(4)(e). The membership included Appellant Joseph Fre-ni, Jr., and two other hoteliers, three county residents interested in tourism, a member of the Board of County Commissioners, and two representatives of municipalities within the county. After ten months of study, a plan for tourist development was proposed within the TDC. However, after several votes on whether to submit the plan, the TDC rejected the proposal.
After the TDC formally advised the County of its rejection on June 30, 1989, the County began to consider its own plan for tourist development. In May 1990 the County enacted Ordinance 90-43 based on its plan which varied from that considered by the TDC. The ordinance enacted a tourist development tax, subject to a referendum.
In response, the appellants filed suit on July 13, 1990, alleging the county ordinance authorizing the tax was enacted without a plan being first submitted by the TDC. The appellants sought to temporarily enjoin the scheduled referendum and requested the trial court to declare the ordinance invalid. The trial judge denied the appellants’ request for a temporary injunction. And, since in the interim, on September 4, 1990, the voters approved the tax as proposed by the County, this court affirmed, on February 6, 1991, the trial court’s denial of the temporary injunction.[1] Thereafter the trial court entered a final judgment denying the appellants’ request for declaratory and permanent injunctive relief, holding: “The submission to the Board of County Commissioners of a tour *293 ist development plan prepared and approved by the TDC is not a condition precedent to the submission of the tourist development tax question to referendum.” This appeal ensued by a number of hoteliers who were required to collect the tax.
The appellants contend the trial court erred in upholding the County-imposed tax without requiring the TDC’s prior preparation and submission of its tourist development plan to the County. We agree and reverse.
At the outset we reject the County's argument that the appellants do not have standing to challenge the tax because they have shown no special injury distinct from that suffered by other taxpayers in the district. The appellants meet the special injury standing requirement by virtue of their roles as collectors of a tax from their guests. See McBride v. Overstreet, 89 So.2d 672 (Fla.1956).
We now turn to the merits of this controversy. By enacting section 125.0104, the legislature enabled counties to levy a tax on transient rentals and to use the revenue derived therefrom for the promotion of tourism. The legislature stipulated, however, that before a county may impose any such tax, it must comply with the provisions of the statute and gain approval by a majority of the electors voting on the issue in a regular or special election. § 125.0104(4)(a), Fla.Stat. (1987). Accordingly, the Board of County Commissioners in enacting Ordinance 88-58 properly included the following mandate from section 125.0104(4)(c):
Prior to enactment of an ordinance levying and imposing a tourist development tax, the Collier County Tourist Development Council shall prepare and submit to the board of county commissioners for its approval a plan for tourist development. The plan shall set forth the anticipated net tourist development tax revenue to be derived by the county for twenty-four (24) months following the levy of the tax; the tax district in which the tourist development tax is proposed; and a list, in the order of priority, of the proposed uses of the tax revenue by specific project or special use as the same are authorized under section 125.0104(5), Florida Statutes. The plan shall include the approximate cost or expense allocation for each specific project or special use.
Thus, the legislature imposed a condition precedent requiring the TDC to prepare and submit a tourist development plan for approval before a county would be permitted to enact an ordinance levying the tax. In calling for a referendum on the issue of whether a tax was to be imposed, it is evident that the Board of County Commissioners had recognized this condition precedent, as seen in its proposed Ordinance 90-43 authorizing the tax:
WHEREAS, said Collier County Tourist Development Council has presented to the Board of County Commissioners its plan regarding tourist development; and WHEREAS, the Board of County Commissioners then considered and modified the county plan for tourist development;
Although the trial court perceived the statutory requirement that the TDC submit a plan to the County, we agree with the appellants that it erred in concluding that the statutory language did not impose a mandatory condition precedent. The legislature may incorporate in a law a condition precedent upon which execution of the law may depend. Taylor v. Tallahassee, 130 Fla. 418, 177 So. 719 (1937); Amara v. Town of Daytona Beach Shores, 181 So.2d 722 (Fla. 1st DCA 1966). The County, on the other hand, argues that requiring a plan from the TDC before it imposes a tax effectively grants the TDC power over enactment. This, it says, constitutes an unlawful delegation of authority. We disagree. In this case, the legislature merely required that before the County enacts an ordinance imposing a tourist development tax, it must consider a plan submitted by the TDC. We must assume the legislature properly expressed its intent in the plain language of the statute, as statutes are to be construed and applied in the form enacted. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918).
*294 In seeking to sustain its action and uphold the trial court’s judgment, the County advances two alternative arguments. First, it classifies the TDC’s rejection of a proposed tax as a plan in itself, explaining that it merely modified that rejection in formulating its own plan. We reject this proposition. This argument is based on an erroneous assumption which permitted the County to prepare its own plan under the guise of modifying the TDC’s recommendation that no tax be levied. Section 125.0104(4)(c) is specific that the plan shall set forth:
[T]he anticipated net tourist development tax revenue to be derived by the county for the 24 months following the levy of the tax; the tax district in which the tourist development tax is proposed; and a list, in the order of priority, of the proposed uses of the tax revenue by specific project or special use....
TDC’s rejection did not set forth any of the elements which encompasses a plan. Therefore, the TDC’s communication to the County rejecting the tax did not constitute a submission of the required “plan.” Further, the record does not reveal that upon receipt of TDC’s rejection that the County took any measures to compel submission of a plan by the TDC.
Next, the County urges the requirement of section 125.0104(4)(c) for submission of a plan for a tourist development tax is merely directory. Therefore, it contends such requirement is not a condition precedent to its enactment of an ordinance. We also reject this contention. In requiring submission of a plan, the statute speaks in mandatory language using the word “shall” and not “may.” Moreover, if the legislature had intended to authorize a county to proceed without the input of the TDC, there would have been no need for it to have provided for the appointment of a TDC.
In sum, we think that in enacting the Local Option Tourist Development Act, the legislature perceived the need to allow a cross-section of citizens of the county, including those affected in the accommodations industry, to assist in determining whether a tourist development tax should be considered by the county and, if so, to assist the county by recommending the specifics involved. In view of this concern and the plain statutory requirements of section 125.0104, we conclude the trial court erred in denying the appellants’ request for declaratory and injunctive relief.
Reversed.
LEHAN and ALTENBERND, JJ., concur.

. Freni v. Collier County, 573 So.2d 1054, 1055 (Fla. 2d DCA 1991) (issue of temporary injunction moot since referendum on ordinance had already been held).