903 So.2d 970 (2005)
The CITY OF TEMPLE TERRACE, Florida, Appellant,
v.
Kenneth E. TOZIER and Susan W. Tozier, Appellees.
No. 2D04-1840.
District Court of Appeal of Florida, Second District.
April 29, 2005.
Theodore C. Taub, Duane A. Daiker, and Mark A. Connolly of Shumaker, Loop & Kendrick, LLP, Tampa, for Appellant.
Marsha G. Rydberg and Thomas H. Rydberg of The Rydberg Law Firm, P.A., Tampa, for Appellees.
FULMER, Judge.
In this appeal, we are asked to decide whether the City of Temple Terrace had authority to impose conditions on the vacation of a right-of-way. We conclude that it did and reverse the partial summary judgment that ruled to the contrary.
In 2000, Mr. Tozier appeared before the City Council to request that the City vacate the right-of-way adjacent to his business, International Computer Works, Inc. (ICW). Mr. Tozier's request was denied at a September 7, 2000, meeting of the City Council based on concerns that vacating the right-of-way might be inconsistent with the City's redevelopment plans in the area surrounding the right-of-way. Mr. Tozier renewed his request in October 2001. At a November 2001 council meeting, one council member expressed support for Mr. Tozier's proposal based on Mr. Tozier's previous representations that he would make improvements to the property at a cost of approximately $750,000 if *971 the right-of-way were vacated. At a City Council meeting in December 2001, Mr. Tozier presented a drawing which depicted the building that he planned to construct on the property if the City abandoned the right-of-way. Mr. Tozier's plan was to expand the existing building on the property for the purpose of providing additional office space for ICW's employees. The planned construction would expand the existing one-story building of 4,000 square feet to a two-story building of approximately 10,000 square feet.
In December 2001, the City Council agreed to proceed with conditional abandonment of the right-of-way based on Mr. Tozier's representations regarding the substantial improvements to be made on the building that housed ICW as a result of the vacation. In June 2002, the City Council enacted Ordinance Number 1067, which vacated a portion of the City's right-of-way adjacent to Mr. Tozier's property conditioned on certain acts that were to be incorporated into a development agreement between Mr. Tozier and the City. Specifically, the ordinance provides:
WHEREAS, the City has received a request from the record owners of the adjacent property to vacate a section of the Broadway Avenue right-of-way south of South Riverhills Drive for a distance of approximately 265 feet; and
. . . .
WHEREAS, the City is willing to vacate said right-of-way subject to specific terms and conditions contained in an enforceable development agreement and possible replatting of property approved by the City of Temple Terrace. . . .
. . . .

Section 3. Vacation of the above-described right-of-way is subject to specific terms and conditions contained in an enforceable development agreement and possible replatting of property approved by the City of Temple Terrace including, but not limited to, reverter and repeal provisions pertaining to this ordinance.
In August 2002, as contemplated by Section 3 of the ordinance, Mr. Tozier and the City entered into an "Agreement for Abandonment" that required Mr. Tozier to submit to the City within 120 days a final site plan for the City's approval. In February 2003, Mr. Tozier submitted a final site plan, which the City Council rejected in March 2003 after finding that the plan bore little resemblance to the drawing that Mr. Tozier presented to the City Council in December 2001. The final site plan he submitted was a one-story structure of approximately 1,818 square feet which did not include significant additional office space. Instead, the addition was comprised primarily of a large multi-purpose room. At a previous meeting with the City's Development Review Committee, Mr. Tozier had explained that it would be a multi-purpose garage, warehouse, gymnasium, and meeting room. The second floor office space included in the original concept had now been eliminated. The City's Community Development Director suggested that Council members consider the site plan with regard to whether or not it met the purpose upon which the Council originally enacted the vacation ordinance in response to Mr. Tozier's initial request.
The City Council passed a resolution denying Mr. Tozier's application for site plan approval. The Toziers then instituted the present suit in the circuit court and moved for summary judgment on their amended complaint for declaratory and injunctive relief.[1] First, they claimed that the City lacked authority to interfere with their property rights by conditioning the *972 vacation ordinance on compliance with the development agreement. The Toziers asserted that vacation of a right-of-way turns only on whether the property is needed for public access purposes, and when a right-of-way is no longer required for public use, as was the case here, the City does not act within its municipal powers when it attaches conditions to the vacation of the right-of-way. Therefore, the Toziers asserted that the development agreement condition was an invalid and unenforceable provision in the ordinance.
In their second ground, the Toziers asserted that the development agreement condition in the ordinance lacks the degree of clarity and certainty required of municipal legislation because it purports to condition the vacation on the subsequent execution of a contract with private parties. And, because the ordinance contains a severability clause that expressly provides for severance of any part of the ordinance declared invalid by a court of competent jurisdiction, the development agreement condition should be considered severed and the vacation should stand.
The City responded to the motion and filed affidavits of the City Manager and the Mayor. After a hearing, the trial court entered its order granting partial summary judgment and concluding that the conditions placed on the vacation were invalid because the City exceeded its municipal powers when it attempted to barter with the Toziers over their property rights in exchange for the City's exercise of its legislative powers. The court found no statutory or case law authority that would permit the City to place conditions subsequent on abutting private landowners in return for the vacation of a right-of-way, and the court expressly rejected the City's argument that the Municipal Home Rule Powers Act (the Act)[2] grants authority for the City to take the action that it did. The court stated:
While the Court recognizes and appreciates the City's desire to make the best and highest possible use of land within its boundaries, the attempt by the City to barter such property rights as a condition to or an exchange for the exercise of its legislative power to vacate streets no longer required for public use is not and does not constitute a municipal purpose.
In addition, the court stated that it was bound by the authority of City of Naples v. Miller, 243 So.2d 608 (Fla. 2d DCA 1971), and cited that case for the proposition that an ordinance cannot be held to provide the degree of clarity and certainty required of municipal legislation if the ordinance is conditioned upon the subsequent execution of a contract with private parties.
Upon these findings and conclusions, the trial court ordered that the conditions be stricken and severed from the remaining provisions of the ordinance which the court concluded irrevocably vacated the right-of-way. The court also enjoined the City from enacting a Repeal Ordinance and granted the Toziers quiet title to the vacated property.
We reject the trial court's conclusion that the City exceeded its municipal authority in conditioning the vacation because we conclude that article VIII, section 2(b), of the Florida Constitution and chapter 166, Florida Statutes (2001), the Act, provide authority for the City's action.[3] Furthermore, City of Naples does *973 not mandate a contrary result because that case is distinguishable on its facts and predates the Act.
Enacted in 1973, the Act specifically removed any limitations placed on the exercise of home rule powers by case law prior to 1973:
The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited. . . .
§ 166.021(4), Fla. Stat. (2001) (emphasis added). By its terms, the Act removed previously imposed judicial restraints on a municipality's exercise of home rule powers. Thus, to the extent that City of Naples can be read to restrict a municipality from passing an ordinance which is conditioned upon the subsequent execution of a contract between the municipality and a private party, we conclude that the case has been superseded by the Act.
We also conclude that City of Naples is distinguishable on its facts from the present case. In City of Naples, upon petition of two of the appellees (the Dansers), the Naples City Council signed an ordinance that vacated and abandoned Second Avenue between 8th and 9th Streets and certain alleys, but provided that the vacation and abandonment
shall not take effect until the following conditions are fulfilled:
1. A building permit be applied for;
2. Construction of the expanded motel in reasonable compliance with the drawings be submitted, be commenced not later than two years from this date; and
3. The necessary utility re-locations be accomplished at the expense of the applicant and with the approval of the City Manager.
243 So.2d at 609. When the conditions of the ordinance were not fulfilled, the City of Naples notified the abutting property owners that the alleys and avenue were not vacated and the city would exercise its jurisdiction and domain over these rights-of-way. Id. at 610. The plaintiffs/appellees brought an action for a declaratory decree adjudicating the rights of the parties and clarifying whether the ordinance effectively closed Second Avenue. Id. at 609. The trial court found in its final judgment that the Dansers had covenanted with the City that upon vacation of the lands certain improvements would be placed on the land within a determinable time. Id. at 610. The Dansers did not abide by the covenants, and the conditions subsequent failed. Id. Therefore, the trial court concluded that the Dansers had forfeited title to the land and title reverted to the city. Id. On appeal, this court upheld that portion of the ordinance vacating the avenue and adjacent alleys, but ordered stricken from the ordinance what were deemed to be invalid conditions. Id. at 611.
Notably, in City of Naples, all parties conceded on appeal that the conditions contained in the ordinance at issue were so vague that their precise meaning could not be ascertained. Here, however, the City of Temple Terrace has made no concessions in regard to vagueness of the conditions *974 set out in the ordinance, and we conclude that the conditions are not overly vague.
Although it is not dispositive of our decision in this case, we note that it was error for the trial court to sever the conditions which the court found to be invalid, leaving intact the abandonment of the right-of-way for the benefit of the Toziers. "A legislatively expressed preference for severability of voided clauses, although not binding, is highly persuasive." St. Johns County v. Northeast Fla. Builders Ass'n, 583 So.2d 635, 640 (Fla.1991). "The severability of a statutory provision is determined by its relation to the overall legislative intent of the statute of which it is a part, and whether the statute, less the invalid provisions, can still accomplish this intent." E. Air Lines, Inc. v. Dep't of Revenue, 455 So.2d 311, 317 (Fla.1984).
Given the record on the legislative history of Ordinance Number 1067, undoubtably it would not have been enacted by the City without the condition of a development agreement. Thus, if we were to conclude that the conditions were invalid, we would necessarily also have to conclude that the entire ordinance should fail because the legislative intent could not be accomplished without the condition of the development agreement.
We reverse the partial summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, C.J., and VILLANTI, J., Concur.
NOTES
[1] The Toziers' amended complaint contained additional counts that were not addressed in their motion for summary judgment.
[2] Ch. 166, Fla. Stat. (2001).
[3] We also note that the Community Redevelopment Act, particularly sections 163.370(1) and 163.400(1), Florida Statutes (2001), would provide statutory authority for the City to condition the vacation of the right-of-way. The City contends that these sections are relevant here because the property at issue lies within the City's redevelopment district, and we note that there are references in the record which appear to substantiate that assertion. However, on appeal, the Toziers dispute the City's assertion that the property lies within a community redevelopment district. Therefore, we do not rest our analysis on the provisions of chapter 163.